Parker, C. J.
The agents of a town, appointed to prosecute a suit, have general authority to conduct the suit, unless restricted by the town as to the manner of executing their trust. A vote to choose agents, and a choice in conformity thereto, is equivalent to a full power of attorney. Agents thus appointed:have the power of substitution or delegation, so far as to appoint attorneys [ * 397 ] *and employ coqnsel; who, when they have become such ■ of record, have the same power, in relation to any thing to be done in -the progress of the suit, as the agents themselves. An authority to prosecute or defend a suit implies a power to refer it by rule of court., that being a legal mode of prosecuting or defending.
As to the validity of the report, in reference to the objection that it does not adjudicate upon the subject matter submitted to the referees, we think it sufficient, because, by necessary implication, it must be considered as a determination upon the question. They award that the defendant town shall recover the costs of the action. This they could not have done without having decided the point in controversy in their favor; at least, the legal presumption is, that they so determined. The judgment of the Court will be, that the plaintiffs take nothing by their writ, and that the defendants recover their costs: and this makes a final determination of the action, which is what was submitted to the referees. (1)

 [Filmer vs. Delber, 3 Taunt. 486. —Dawson, att. 33. —Griffith vs. Williams, 6 D. & E. 711. —Carthew, 412. —Salk. 70. —Skinner, 679. -2 Salk. 787. —12 Mod. 129. —Comb. 439. —Maughm, 106. —Watson, 49. —Bacon's Ab. Tit. Arb. (C —Caldwell, 13, 14 152, 153. —Holker & Al. vs. Parker, 7 Cranch, 436. —Ed.]