## DOLBIER *vs.* WING.

An award by arbitrators, written on the back of the arbitration bond, stating that
they had "met according to appointment on the within business," was held to
be an award "of and concerning the premises," and therefore good.

Where a submission is of divers subjects distinctly enumerated, if it appears from
the whole award that all the matters submitted have been adjudicated upon by
the arbitrators, it is sufficient, though each particular is not specified in the
award.

Whether arbitrators, not constituted under the statute, or by rule of Court, can
award costs, without express authority,—*quære.*

This was an action of debt on a bond; from the condition of
which, as set forth on *oyer*, it appeared that the plaintiff was in
possession of a lot of land of which the defendant was the owner;
the plaintiff claiming, under the statute, the amount of the increas-
ed value of the land by reason of his buildings and improvements
made thereon; and the defendant insisting that in consequence of
what the plaintiff had done, the whole lot was made worse;—that
the parties submitted their respective claims and demands to ar-
bitrators, with power to determine and settle all disputes between
them relative to the premises; and also whether the defendant
should convey to the plaintiff any and what part of the land, and
how much the plaintiff should pay for the same.

Hereupon the defendant pleaded in bar, that the referees,
made their award in the following words on the back of the bond,
viz—" Met according to appointment, on the within business, and
" agreed that *Joseph Wing* pay *Charles Dolbier* for his betterments
" on the within lot thirty-eight dollars and interest, in *February*
" next; also six dollars for our trouble":—that they made no
award or determination of, or concerning the damages claimed by
the defendant against the plaintiff for injury by him done to the
land; nor whether the defendant should convey to the plaintiff any
part of the land; and that they had not, by their award, settled nor
determined concerning the respective claims and demands of the
parties relative to the matters submitted to them.

To this plea the plaintiff demurred, assigning several causes,
the purport of which was that the plea stated no facts proper to
be tried by the jury, and none but what appeared on the face of

the award; and that it tended to draw to the jury the trial of questions and inferences of law.

*Allen* and *Belcher*, in support of the demurrer, argued that from inspection of the award it was manifest that the arbitrators had in fact considered every matter submitted to their decision. The award of a sum of money to the plaintiff, proved that in their judgment the land was made better by his labor; and their silence as to the conveyance of any part of the land, shewed that in their opinion it was inexpedient to exercise this discretionary power entrusted to them. Their certificate that they met on the business of their appointment was sufficient, under the liberal rule of exposition universally applied to this species of remedy. *Gray v. Gwennap* 1 *Barnw. & Ald.* 106. *Kyd on Awards* 171—173. If the award was not good for the costs, this part of it might be rejected.

*Boutelle*, for the defendant, contended that the award was bad, not being *super præmissis*. It is true that where the submission is general, of all matters in dispute, the award is presumed to be upon all matters submitted, unless the contrary appear. But it is not so where the submission is of subjects distinctly enumerated, as in the present case. Here the arbitrators were to determine the questions whether the defendant should convey any land to the plaintiff; how much; and at what price; yet these subjects are not mentioned in the award, and do not appear to have passed under their examination. *Randall v. Randall* 7 *East* 81.—It is also bad as to the costs, for want of express authority in the arbitrators to allow them. *Peters v. Pierce* 8 *Mass.* 398.

MELLEN C. J. after stating the pleadings, delivered the opinion of the Court as follows.

On the special demurrer in this case the *first* question is whether the plea is not bad in point of form, and for the causes assigned. The correct course of pleading would have been for the defendant, after setting forth the condition of the bond, and the award, as he has done, to have demurred. This would have presented to the Court the simple question whether the award is

legal and good; and had the demurrer of the plaintiff been general, that would be the only question now. But called on, as we are by this special demurrer, to pronounce our opinion as to the sufficiency of the plea in point of form, as well as substance, we feel bound to sustain the demurrer. 1 *Chitty Pl.* 216, 519. *Cowper* 684. No issue could have been taken on any of the averments of the plea, proper for the jury to try; they consist of nothing but denials of those things which had not been alleged on the part of the plaintiff; and of the legality of the award; because those facts, thus denied, were not expressly stated in the award. The plea professes to do nothing but to draw questions of law from the proper tribunal, for the purpose of submitting them to the decision of the jury. Such a plea cannot be maintained.

But if the demurrer had been general, we think the plea must have been adjudged insufficient, on the ground that the award is good and legal. It is true, it is very concise and informal; but as awards are made by judges elected by the parties, courts should sustain them when the principles of law do not clearly forbid it. The general objection to the award is, that it does not comprehend all the subjects submitted. The arbitrators commence their award on the back of the bond by saying that they "met according to appointment on the within business and agreed," &c. This expression seems equivalent to the words " of and " conccerning the premises,"—or " pursuant to the submission." which have been deemed sufficient—*Kyd* 221, 222. The cross claims for damages, are of such a peculiar nature that the allowance of one, necessarily proves that the other could not be allowed, nor have any legal nor equitable existence. Hence it is clear that as the arbitrators found that the labor of *Dolbier* had rendered the land more valuable than it was before; they have thereby decided that *Wing* could have no claim against him for damages on the ground of his having injured it. Thus as to every dispute and claim existing at the time of submission, the award is as broad as the submission. The other subject on which the arbitrators were authorised to make their award was whether *Wing* should sell and convey any part of the land to *Dolbier* at a price to be fixed by them and paid by him. It does not appear that there was any previous contract or obligation express or implied in

Dolbier *v.* Wing.

relation to this subject; but even if there was, we must presume they considered all the business on which they met; and the silence of the award as to a sale and conveyance, amounts to evidence that they did not mean that he should make any such conveyance. Thus all the subjects submitted have been expressly or virtually decided by the arbitrators; and the award is good, as to all but the costs, according to the principles laid down in *Kyd on Awards* 172, 182, and authorities there cited. See also *Buckland v. Conway* 16 *Mass.* 396, and 1 *Barnw.* & *Ald.* 106. As to the costs, the law seems unsettled; and the sum being small, the plaintiff is willing to waive the inquiry as to its allowance, and consents to its disallowance. As to the damages the award is good.

*Plea in bar adjudged insufficient.*