# F. O. J. SMITH *versus* THOMAS TUFTS.

R., having agreed to labor for T., gave a power of attorney to S. to receive from T. a part of his wages and to apply the same to the support of R's wife and family, and T. agreed, in writing, to pay to S. a part of the wages accordingly—it was held, that the power of attorney was in its nature irrevocable, and that S. was entitled to recover of T. according to the agreement, although T. had paid the whole amount of the wages to R.

THIS was an action of assumpsit upon an order drawn upon the defendant by Maxcy Robbins, in favor of the plaintiff, and accepted by the defendant.

The cause was tried upon the general issue, at February term, 1831, and a verdict taken by consent for $30,

subject to the opinion of the court upon the following case.

On the 23d April, 1827, Maxcy Robbins, by deed, constituted Smith, the plaintiff, his attorney irrevocable, to receive from Tufts, the defendant, twenty dollars monthly, out of the wages that might at any time thereafter become due to Robbins for his services, in the employment of the defendant, "to be laid out and expended by him, the said Smith, for the benefit and best interest of his, the said Robbins', wife and family."

On the back of the power of attorney was an agreement by Tufts as follows :—

*Portland*, *April 23*, 1827. Pursuant to the within provision made by the said Robbins, I hereby obligate and bind myself to pay over to the within named Smith, the sum of twenty dollars per month, out of the monthly wages of the said Robbins, for so long a time as the said Robbins shall continue in my service and employ, and as frequently as the said Robbins' monthly wages may become due, the same being hereby so ordered by him.

THOMAS TUFTS.

It was admitted, by the defendant, that Robbins continued in his service six months and a half, after the 23d April, 1827. He then showed that he had paid to the plaintiff, $100, and that all the rest of the wages due to Robbins, had been paid to Robbins, himself.

*Upham*, for the plaintiff.

*M. Kent* and *G. Kent*, for the defendant.

*By the court.* We see no ground on which the defendant can be entitled to a new trial in this case, unless Robbins had a right to revoke the power of attorney given to the plaintiff, and the circumstance, that he has received from the defendant a part of the wages which the plaintiff was authorized to receive, may be considered as a revocation of the power, *pro tanto*. We think that the power of attorney may be considered as an order for the money, and the agreement of the defendant

Smith
*v.*
Tufts.

on the back of the power as an acceptance of the order. But we are of opinion, that the power of attorney could not be revoked by Robbins. What were the circumstances, which led to this arrangement between the parties and Robbins, the case does not disclose. But it may be easily conceived, that such a provision might have been of great importance to the wife and family, have been, under the circumstances, necessary and proper, and have given the wife an interest, which a court of law is bound to protect. This plaintiff is manifestly a mere trustee, and the provision intended wholly for the benefit of the wife and family.

Indeed, this was an arrangement by a husband for the support of his wife and family, by placing in the hands of a trustee a part of his wages, and the defendant, with the consent of the husband, bound himself to pay to the trustee a part of the wages. The power of attorney is in terms irrevocable. But we attach no importance to this circumstance, any farther than it goes to show that the intention was to place a portion of the wages in the hands of the trustee, for the use of the wife and family, and out of the control of the husband. Such being the case, it seems to us that the power of attorney was, in its very nature, irrevocable by the husband. 2 Mason, 249.

We are, therefore, of opinion, that the plaintiff is entitled to retain the verdict.