## George White *versus* Abraham Sanborn.

An action of covenant, founded upon privity of estate in land, is local, and must be brought in the place where the land lies.

This was an action of covenant broken. The plaintiff alleged, in his declaration, that on the 20th February, 1823, the defendant, by deed, conveyed to one A. Bohonon, a certain tract of land in Washington, in the state of Vermont, and by the same deed covenanted with the said Bohonon, his heirs and assigns, that he, the defendant, would warrant the same land to the said Bohonon against the lawful claims of any person claiming by, from, or under him. And afterwards, on the 6th March, 1823, the said Bohonon, by his deed, conveyed the same land to the plaintiff, to hold to him and his heirs. And the plaintiff further alleged that one Reuben Sanborn, being

the owner of the land by virtue of a prior grant by the defendant, at a county court, holden at Chelsea, in the county of Orange, and state of Vermont, recovered judgment against the plaintiff for his seizin and possession of the said land, and now legally holds the same in fee.

To this declaration the defendant demurred, and the plaintiff joined in demurrer.

*Bell*, for the plaintiff.

The question is, whether the covenant on which the plaintiff has declared can avail him in this state ; or, in other words, whether the action, in its present form, is local or transitory ?

It is clear, that the plaintiff, upon the facts stated in the declaration, is entitled to the benefit of the defendant's warranty somewhere. It is equally clear, that the action might be maintained by Bohonon against the defendant, on his covenant, any where. At the common law, the action of covenant was transitory, when it was founded on privity of contract, although it was otherwise when founded on privity of estate. Between the lessor and the lessee the action was transitory. Between the lessor and the assignee of the lessee, or between the assignee of the lessor and the lessee, the action was founded on privity of estate, and was therefore local.

But the statute, 32 Henry 8, has created a new relation between the lessor and his assignee, and the lessee and his assignee. And wherever the privity of estate gave a right of action at common law, the statute has enacted a privity of contract also, so that in all such cases the action is now transitory.

In the next place, the doctrine of the locality of actions has not been received, and cannot be received in its full force and extent among our confederated states.

Thus debt upon a judgment, is, by all the English authorities, local. But it is no where held to be local in this country.

The doctrine of local actions, unless where the judg-

ment is to affect the thing sued for, applies only to actions arising within the jurisdiction of the court which tries them, and not to causes of action which arise out of the jurisdiction. 7 D. & E. 587.

An action of debt on a judgment rendered in any of the states, is local within the state where it is rendered. But not so, in any other state. 3 Johns. Cases, 381 ; 1 Chitty's Pl. 273.

This is a strong instance to show that actions are only local or transitory within the jurisdiction of the state. 1 Chitty's Pl. 268.

This is an action brought to recover damages for the breach of a covenant, and may as well be tried here as in Vermont. It is clear, that an action in the name of Bohonon against this defendant might be maintained here, and any distinction between that case and this must be a distinction without a difference.

*Nesmith* and *Bartlett*, for the defendant.

Richardson, C. J. delivered the opinion of the court.

In this case the defendant conveyed to Bohonon lands in Vermont with warranty, and Bohonon assigned all his interest in the land to the plaintiff, who, having been evicted, now brings his action of covenant as assignee of the estate against Sanborn, and the question is, whether the action is local so that it cannot be maintained in this state ?

In general, actions founded upon contracts are transitory, although made and even stipulated to be performed out of the state, for *debitum et contractus sunt nullius loci*. But when the action is founded upon privity of estate it is local, and lies only in the place where the land is. 1 Chitty's Pl. 274 ; Comyn's, Digest " action" N, 4 ; 2 Salkeld, 651, *Way* v. *Yally* ; 1 Salkeld, 80, *Barker* v. *Damer* ; 1 Shower, 187. S. C ; 6 Mod. Rep. 194, *Way* v. *Yally* ; 6 Mass. Rep. 331, *Lienow* v. *Ellis* ; 5 Cowen, 18 ; 1 Wilson, 165, *Thrale* v. *Cornwall*.

It is very clear, that this action is not founded upon

any privity of contract between the parties, but upon privity of estate ; and unless the statute of the 32 Henry 8, chapter 34, has been adopted here, and has the effect to transfer the privity of contract to the plaintiff, or the law of locality of actions is changed here, this action is local, and should have been brought in the state where the land lies.

Whether the statute of the 32 Henry 8, has been adopted here, is a question, not necessary to be decided in this case ; because, if it has been adopted, it does not extend to this case. That statute, in its terms, is applicable only to covenants and conditions annexed to estates for life or for years, and not to covenants upon estates in fee or fee tail. Buller's N. P. 159.

It was decided, soon after the statute was passed, that it did not extend to covenants upon estates in fee. Cro. Eliz. 863, *Lewis* v. *Ridge*.

And it seems to be now considered as settled, in England, that it is confined, in its operation, to covenants upon estates for life or for years. Coke Litt. 215, a, Woodfall's Landlord and tenant, 285 ; Comyns Digest, " Condition," O, 2 ; Buller's N. P. 159.

But it is said, that the principles of the common law, in relation to local actions, have not been adopted here ; and the case of debt upon a judgment, which is local in England, but not so here, has been mentioned as a departure from the English law.

It often happens that an action, which is not in its nature local, is made so, in some respects, by the laws of the place where the action is to be brought. Thus debt, account, and such like actions were made local by the statute of 6 Richard 2, which enacted that if by the declaration it appeared that the contract, or other cause of action, was in another county, than where the writ was brought, it should abate. That statute seems to have made debt upon a judgment local in England. Comyn's Digest, " Action," N, 6, and to have given rise to the practice of

giving a venue only for form and for the sake of a trial by a videlicet in the county where the action is brought.

We have a statute which makes all personal actions, in some respects, local, when the parties live in the state, and confines the action to the county, where one of the parties lives.

But some actions are, in their nature, local, and can only arise in a particular place or country.

This is the case with all real actions, and with ejectment for the recovery of seizin and possession of land.

So actions for damages done to real estate, as trespass *quare clausum fregit*, and the like, are, in their nature, local. 4 D. & E. 503, *Doulson* v. *Matthews*; 1 Chitty's Pl. 271.

Actions against public officers for neglect of any duty imposed by law, are also local. 5 N. H. Rep. 456.

And it is settled, that not only real actions are local, but that all actions, founded on any privity of estate in land, are also local. Whether it might not have been better if the law had been otherwise settled in this respect, it is not for us to say. We sit here to determine, not what the law should be, but what it is.

But it is said that, although this action, if the cause of action had arisen within the state, might have been local, it is not so when the cause of action arises out of the state. But this point was decided otherwise in the case of *Barker* v. *Damer*, 1 Salkeld, 80. There the land lay in Ireland, and covenant, founded on privity of estate brought in England, was held not to lie, because the covenant was local. 1 Saunders, 241, note 6.

That decision seems never to have been questioned, and appears to us to rest upon sound principles.

*Judgment for the defendant.*