# WHITE *vs.* HILDRETH.

An attorney, to whom a promissory note is committed for the purpose of collection, by the payee, derives no authority, from the mere fact of the employment, to indorse and transfer the note, in behalf of his client, to a third person, so as to enable him to maintain an action for the benefit of the payee.

ASSUMPSIT. This case comes before us upon the following agreed statement of facts:

The action was commenced before a justice of the peace, and judgment was there rendered in favor of the plaintiff, and the action carried to the court of common pleas for this county, by appeal from that judgment. The declaration contained two counts. The first was upon an account annexed to the writ. That count was abandoned at the trial before

the justice. The other count was upon a promissory note, made by the defendant, payable to one Joseph Ide, or order, on demand, and interest annually, and indorsed as follows: "Joseph Ide, by his attorney, C. Ainsworth." The note was indorsed merely for the purpose of collection; the plaintiff was a mere nominal party, and Ainsworth had no authority to indorse the note, except his general and implied authority, as attorney to Ide, for collecting the note.

And it was agreed by the parties, that such judgment should be rendered in the action, as, in the opinion of this court, the above facts would warrant.

*Ainsworth*, for the plaintiff. An attorney, who is employed to collect a debt, may assent to an assignment for the benefit of the creditor, and bind his client thereby. 2 *Kent's Com.* (*4th ed.*) 620, *note c.*

He has power, also, to indorse his client's writ, in the name of his client, and to bind him by such indorsement.

So, also, he may compound the debt of his client, or submit the same to arbitration in his behalf. 2 *Stark. Ev.* 153, 155.

The cashier of a banking company may indorse a promissory note which is the property of the bank, and authorize a demand on the maker and notice to the indorser. *Hartford Bank* vs. *Barry*, 17 *Mass. R.* 94.

It is presumed that an attorney has the authority which he exercises in the case, at least until the contrary appears by some denial of the principal.

*Bellows*, for the defendant. The cashier of a bank may have power to indorse the notes of the bank in the due and ordinary course of the business of the bank. But the duties and powers of an attorney are not like those of a cashier. The duties of an attorney are not general, but are special and limited, and so is the authority confided to him. He has no authority to indorse his client's notes.

VOL. XIII. 14

WOODS, J.　The only question arising upon this case is, whether an attorney, who is employed to collect a note, by virtue of the employment alone is clothed with authority to indorse the note which he is employed to collect, so as to enable a nominal party to maintain an action against the maker.

The extent of the authority incident to the office of an attorney, is a subject which has often come under the consideration of courts, under widely differing circumstances, and has been much discussed.　An attorney who is employed to prosecute or defend an action, is a special agent.　His authority is bounded and limited by the necessities of the case. He is clothed only with the power requisite to the accomplishment of the purposes of his employment.　And no doubt exists that to that extent he is clothed with authority by implication of law from the employment itself.

In *Miner* vs. *Smith*, 6 *N. H. Rep.* 220, it is said, that " an attorney, having authority to commence an action in the name of any individual, is authorized to place the name of that individual upon the writ as indorser."　And in *Pettingill* vs. *McGregor*, 12 *N. H. Rep.* 193, it is said, that in a case in which the party can properly, in conformity with the provisions of law, bind himself, and it is necessary, for the purposes of the action, that an obligation should be entered into, connected with the suit and as a part of it, in its regular course, such obligation, when entered into by the attorney in behalf of the client, binds the client.

But no case is found, pushing the limits of the authority beyond the limit of a reasonable necessity, or beyond the performance of acts touching the action and the proceedings connected therewith.

In the case of the *York Bank* vs. *Appleton*, 17 *Maine Rep.* 55, it was decided that an attorney of record, in a suit against the maker of a note, has no authority, from his employment as attorney, to execute a valid release to an indorser of the same note, to render him a competent witness in the suit.　Mr. Chief Justice Weston in that case remarks :

White *v.* Hildreth.

" It does not appear that Mr. Shepley, the plaintiffs' attorney in this suit, had any other authority from them except what resulted from his being employed by them in this cause. That could not give him the right to release any other collateral security. It would have the effect to put the rights and interests of clients unnecessarily into the power of their attorneys."

In *Lewis* vs. *Gamage*, 1 *Pick.* 351, the court say : " No doubt an attorney has a right to prosecute a suit to final judgment and execution, and to receive the money for which the judgment is recovered ; but we are of opinion that he has not a right to discharge the debtor, upon receiving a less sum." See, also, *Langdon* vs. *Potter*, 13 *Mass. R.* 319.

In *Union Bank of Georgetown* vs. *Geary*, 5 *Peters' R.* 113, it is said, that " the general authority of the attorney does not cease with the entry of the judgment. He has at least a right to issue an execution, although he may not have the right to discharge such execution without receiving satisfaction. His suit does not terminate with the judgment. Proceedings in the execution are proceedings in the suit."

An attorney, who has become such of record, has power to refer the action in which he is employed by a rule of court, that being a legal method of prosecuting the suit. *Buckland* vs. *Conway*, 16 *Mass. R.* 396.

In *Penniman* vs. *Patchin*, 5 *Vermont R.* 346, it was decided that an attorney has no authority to assign a demand entrusted to him for collection. In the opinion of the court in that case, it is said, that an attorney " is not authorized to make any disposition of the demand, or exercise any authority over it, which is not necessarily involved in the discharge of his duty. Hence, he cannot compromise a demand without special authority for that purpose, nor discharge it without satisfaction ; much less can he assign it for his own benefit, such an act being not only foreign to the purpose of his employment, but inconsistent with it. A power, so liable to abuse, can with no propriety be admitted."

White *v.* Hildreth.

In *Adams* vs. *Robinson,* 1 *Pick.* 461, it was decided that an attorney of record may appeal and recognize for his principal to prosecute the appeal, and that he may at the same time recognize as surety.

From the decided cases, it is readily perceived that the act of an attorney employed to collect a demand or prosecute or defend an action, in order that the same may be regarded as authorized by implication from the mere fact of the employment, must be connected with and be a part of the proceedings proper in the collection of the demand, or the prosecution or defence of the action.

Perhaps it may be stated, as a general rule, that whatever a party can properly do, and which is necessary to be done in order to the proper commencement of an action, and the prosecution of the same to its legitimate results, in due course of law, and is part and parcel of the proceedings in the action, an attorney, employed to conduct the action, is also authorized by the employment to do. Beyond that, no authority can be properly implied from the employment alone. By no fair intendment can the power conferred be held to extend beyond that limit.

A just application of these principles to the facts of the case under consideration, admits of no doubt as to the proper decision of the question raised by it. The indorsement of the note was an act altogether aside from, and was an unnecessary preliminary to the commencement or prosecution of the action, to enforce the payment of the note. It was not an act essential to its proper commencement or necessary to facilitate its proper prosecution. It in fact formed no part of the legal and ordinary proceedings in the suit. No special authority was given for the exercise of the power assumed by the attorney. The action might well have been brought in the name of the payee. At any rate, it is sufficient that the indorsement of the note formed no part of the proceedings in the action, to the management of which the employment had relation, but was a proceeding altogether foreign

White *v.* Hildreth.

thereto.   The power exercised must, therefore, be regarded as a mere assumption, and the indorsement of the note an unauthorized act.   The opinion of the court, therefore, is, that the action is not maintained, and that there must be

*Judgment for the defendant.*