## WORSTER *v.* WINNIPISEOGEE LAKE COMPANY.

An action on the case to recover damages for flowing the plaintiff's land, is local, and must be brought in the county where the land lies.

The plaintiff's land was situated in the county of Carroll, and the defendant caused it to be flowed by a dam erected in the county of Belknap. An action on the case for flowage was brought in the county of Belknap. *Held,* upon demurrer, that it should have been brought in the county of Carroll.

CASE for flowing land. The plaintiff declared that on the ninth day of November, 1848, and ever since, she has been, and still is, possessed of a tract of land, situated in Tuftonborough, in the county of Carroll, bounded, &c. Yet the defendant, on the tenth day of September, 1846, and since, until the present time, by means of a dam across the Winnipiseogee river, near Lake Village, in said county, obstructed the course of the water from the lake, and caused it to overflow the plaintiff's land, whereby, &c.

There was also a second count, in which it was alleged that the dam of the defendants was in the county of Belknap.

To this declaration there was a general demurrer and joinder.

*T. J. Whipple,* for the plaintiff.

*Hobbs & Sanborn,* for the defendants.

All personal or transitory actions, where both parties are inhabitants of this State, may be commenced in the county where either of the parties to the writ may be an inhabitant and not elsewhere. Rev. Stat. ch. 180, § 1.';

The Legislature, in the use of the phrase transitory actions, had reference to the general common law division of actions into transitory and local. *Pearce* v. *Atwood,* 13 Mass. Rep. 325.

The word " or " should be construed to mean " and."

This action is local. *White* v. *Sanborn*, 6 N. H. Rep. 220; 1 Chit. Pl. 268; *Warren* v. *Webb*, 1 Taun. 379; *Doulson* v. *Mather & a.* 4 D. & E. 503. In this case, Lord *Kenyon* says that where the action is on the reality, it is local. *Mayor of Berwick* v. *Evarts*, 2 W. Black. 1068; Gould's Pl. 115, § 107; 1 Com. Dig. 168, n. 4.

" An action for a nuisance to the plaintiff's real property, whether corporeal or incorporeal, is local, and the action must be brought in the county where the property is situated." 1 Stark. Ev. 468, (ed. of 1842;) *The Proprietors of the Mersey and Irwell Navigation* v. *Douglass & a.* 2 East. 497 ; *Thompson* v. *Crocker*, 9 Pick. 59; *Sutton* v. *Clarke*, 6 Taun. 29.

If any man have cause of action of a thing, which arises from land, perhaps, because it savors of the nature of land, the action shall be brought where the land is. *Gawer* v. *Hasse & a.* Dyer 38 b.

This principle has been observed from the earliest history of the common law. The remedy has been had for injuries to real estate in the county in which such real estate was situated.

In an assize of nuisance, if the assize were found for the plaintiff, he had judgment for two things:

1. To have the nuisance abated.

2. To recover damages. 4 Black. Com. 221. Also in a *quod permittat prosternere*. *Batten's case*, 9 Coke 53 b.

If that the nuisance be done in one county, and the land, to which the nuisance is done, be in another county, two writs of assize of nuisance were sued out, a writ to the sheriff of each county. Fitz. H. N. B. 426.

In the writ directed to the sheriff of the county in which the nuisance was done, he was commanded, if the complainant should give pledges " *tunc fac*, 12 *liberos et legales homines de vicin. illo videre stagnum illud*," &c., and in the writ directed to the sheriff of the county where the land was situated, he was commanded to cause twelve free and legal

men of the vicinage "*videre tenementum illud.*" F. H. N. B. 426.

Such is the law in the example put in *Bulwer's case,* 9 Coke 2, b, and cited by Angel, in his treatise on water courses, and in several adjudged cases. " If a man doth not repair a wall in Essex, which he ought to repair, for which cause my land in Middlesex is drowned, I may bring my action in Essex, for there is the defendant's default, as it is adjudged in 7 H. IV, 8, or I may bring it in Middlesex, for there I have the damage, as it is proved by 11 R. 2. " Action *sur le case* 3."

The case of 7 H. iv, 8, is stated in the Year Book, 6 H. iv, 10. A man brought an action of trespass on the case against the Abbot of Stratford, and counted that he held certain lands in the town, and on account of which he was bound to repair a wall on the bank of the Thames, at whatever time it was needed, to wit, a certain part of it, and others a certain part of it, and averred that the plaintiff held certain land in the county of Essex, which adjoined the said wall, and averred that by reason of default of reparation of the said wall the meadows and pastures of the plaintiff were overflowed by the water of the Thames, on account of the default of the Abbot. The overflowing of the plaintiff's land, which was the cause of the injury, was in the county of Middlesex. The trespass was commenced there because the wall was not in repair, which was in the county of Essex.

In this case, the *gravamen* of the declaration is that the Abbot neglected to repair the wall, which he was bound to repair, and the action was properly brought in the county of Essex, that the jury from that county might view the wall.

*Richhill,* J. says where a man has common in one county, to be used over a bridge in another county, and the bridge is broken, assize of the common shall be in the county where the bridge is, &c. 21 Viner Ab. 86 pl. 10.

The case of 11 R. 2 is stated in Bellow's " *Les ans du roy Richard,*" IV, p. 4.

Action on the case against another, brought in the county of Kent, and declared by Rykel that all those who hold such land ought to repair and enclose a certain close in a certain vill, and alleged that the defendant was the tenant of the same land thus charged, and that the close was open and not repaired, by reason of which the cattle of the tenants entered on his land, &c.

And the writ covered all the whole matter. And note, that the land, which was thus charged with the making and repairing the enclosure, was in the county of Surry, and the close in another county.

" *Kirby.* In such case, the writ of " *de curia claudenda* " ought to have been brought, and not a writ of trespass. Judgment prayed of the writ."

Rykel (answered) &c.

And it was held by all the court, that this was a good issue on the case, for nothing is recovered but damages. In this case the *gravamen* of the declaration was the injury done to the plaintiffs' land, and the action was properly brought in the county of Kent, that the jury of the county might *videre tenementum illud.*

This case is stated in a manner somewhat different in 21 Vin. Ab. 86 pl. 6.

It appears that the form of the declaration against the Abbot of Stratford was not considered by *Putnam,* Justice, in *Barden* v. *Crocker & al.,* 10 Pick. 383.

In the case at bar, the action is to recover damages for an injury alleged to have been done the plaintiff's land, and it should have been brought in the county of Carroll, in which the land is situated.

No case, it is believed, can be found in which an action for an injury to land situated in the government where the action was brought, has been sustained in any other county

than that in which the land was situated, unless such action has been made transitory by statute.

The position in Angel on Water Courses, 87, and Gould's Pl. 116, that where an injury has been committed in one county to land, &c., situated in another, the venue may be laid in either county, is not sustained by the authorities, where the *gravamen* is for an injury to real estate. 3 Leon. 141. All the cases in Leonard are clearly personal, transitory actions. *Lord Chamberlain* v. *Thorpes*, 4 Leon. 130. *Varan's case*, 2 Leon. 222.

7 Coke 2 b. has been considered. In the cases of *Oliphant* v. *Smith*, 3 Penn. Rep. 180; *Marston* v. *Chase*, 15 Maine Rep. 188; *Sumner* v. *Finigan*, 15 Mass. Rep. 280; *Pitman* v. *Flint*, 10 Pick. 504, and several other cases, jurisdiction was given to the court and the actions made transitory by statute.

*Scott* v. *Brest*, 2 T. R. 238, was an action for usury. The contract, out of which the usury arose, was made in London, but the rents out of which the usury was to be paid, were received in Middlesex.

*Mayor of London* v. *Cole & al.* 7 T. R. 579. This was an action of covenant by the lessor against the assignees of the lessees, for not permitting them to use certain lands situated in Bunhillfield, in the county of Middlesex. The land was to be used by the captain of the train bands of London.

*Marshall* v. *Homer*, 3 Mass. Rep. 23. This action was brought in the county of Suffolk against the sheriff of Middlesex, for the misfeasance of his deputy. The matter was partly of record and partly in pais in different counties.

*Foster* v. *Baldwin*, 2 Mass. Rep. 569, decides that a sheriff may be sued out of his county.

*Mostyn* v. *Fabrigas*, Cowper 161. This was an action of trespass, for assault and false imprisonment of the governor of Minorca, in Minorca.

1 Com. D. 161, title "action F. 3." This was assize of

nuisance, and Com. cites Co. Lit. 154 a. who cites F. H. N. B. (183) 426, before stated.

1 Com. D. 167, title action N. 11, cites 7 Co. 2 a. Dig. 38 b. 40 a. *Gawen* v. *Hussee & a.* Dyer 38. This was an appeal of robbery against accessories for abetting in one county a felony committed in another.

*Pope* v. *Davis*, 2 Taunton 252. This action was for driving a distress out of the county.

*Briggs* v. *Nantucket Bank*, 5 Mass. Rep. 94. This case was a question of venue.

*Borden* v. *Crocker & a.* 10 Pick. 383, was an action to recover damages for an injury to a fishery, and not to real estate, and so does not come within the rule.

*Parson* v. *Mc Gowen*, 3 Barn. & A. 700, was an action to recover penalties incurred under an act of parliament.

*King* v. *Burdett*, 4 Barn. & Ald. 179, was a prosecution for a libel. There are numerous other cases, in which the cause of action arose partly in one county and partly in another, where the action may be brought in either county.

These will all be found on examination, it is believed, to be personal transitory actions at common law.

GILCHRIST, C. J. The question before us is whether this action is properly brought in the county of Belknap.

The general rule as to local and transitory actions is well settled. When the cause of action could only have arisen in a particular place or county, it is local, and the venue must be laid therein. As in real actions, mixed actions, waste, *quare impedit*, or ejectment for the recovery of the seizin or possession of land or other real property. So actions, though merely for damages occasioned by injuries to real property, are local, as trespass or case for nuisances to houses, lands, water-courses, ways, or other real property. 1 Ch. Pl. 298, 299 ; Gould Pl. 115, 116.

But Chitty adds, " where, however, an injury has been caused by an act done in one county to land, &c., situate in

another, the venue may be laid in either." The only authority he cites in support of this position is *Sutton* v. *Clarke*, 6 Taunt. 29. In that case the marginal note states that if a trench cut in the county of N. causes the plaintiff's lands to be overflowed in the county of W., although a statute requires all actions to be brought and tried in the county where the cause of action arises, the action may be brought and tried in W. An objection was taken to the venue, which was laid in the county of N. In the statement of the case it is said, " the objection to the venuê was, upon the argument, abandoned ;" and this is the only allusion to the point, nothing being said on the subject in the opinion of the court. It is very evident that this case cannot be considered as a very authoritative exposition of the law on this point.

A similar position is stated in Gould's Pl. 116. Reference is there made to *Bulwer's case,* 7 Coke 2 B., which contains the following statement : " If a man doth not repair a wall in Essex which he ought to repair, whereby my land in Middlesex is drowned, I may bring my action in Essex, for there is the default, as it is adjudged in 7 H. IV. 8, or I may bring it in Middlesex, for there I have the damage." The case from the year book is the Abbot of Stratford's case, and this seems to be the foundation of the doctrine that an action for an injury to land may be brought in either county. It is difficult to see any reason for this, or why it should ever have been held that an action for an injury to land, confessedly local in its character, could be maintained in a county where no cause of action had accrued. The charge against the Abbot of Stratford was that he neglected to repair a wall in Essex, whereby the plaintiff's land in Middlesex was overflowed. Now he might have neglected this to any extent, provided he thereby caused no injury to the plaintiff, and when he did cause an injury, it was not sustained by the plaintiff in Essex, but in Middlesex. Had it not been for the overflowing of the

plaintiff's land in Middlesex, no cause of action would have accrued to him.

It is said in Co. Litt. 154 a. that "for a common of pasture, of turbary, of pischary, of estovers and the like in one county, appendant or appurtenant to land in another county, an assize *in confinio comitatus* did lye at common law, and so it is of a nusans done in one county to lands lying in another county, the like assize did lye at the common law." The assize *in confinio comitatus* is obsolete in England, and never existed with us, and as the remedy given in the cases put by Coke does not now exist, it would seem that the right to bring an action in either county in such exceptional cases, must have ceased with the remedy, in England. Indeed, in a very recent case, that of *Simmons* v. *Lilystone,* 20 L. & Eq. 445, the idea that an action would lie in either county, is not suggested. In that case, the plaintiff owned premises in the county of Kent, abutting on the Thames at a certain part of the river called the Blockhouse Dock, and the defendant obstructed the dock by placing piles, &c., thereon. The venue in the margin of the declaration was London. *Parke,* B. "It is not necessary to decide whether this is a local action or not; I am rather disposed to think it is a local action, as it is an injury to the plaintiff's premises. However, that is unnecessary to decide, because there is nothing in the first count which makes it essential to the plaintiff to prove that the embankment was in the city of London."

If there had been such an allegation, then the embankment being in London, and the injury sustained being to lands in Kent, the rule to enter a verdict for the defendant would have been made absolute, for the reason why it was not made so was, "because we cannot find any allegation in the declaration which makes it necessary for the plaintiff to prove that the embankment was made in the city of London." As the counsel for the plaintiff did not take the position that in such a case an action would lie in either

county, and as that idea is not alluded to by the court, we may fairly presume that the law cited from *Bulwer's case* was not considered applicable at the present day.

❴ In Jac. Law Dict. Action, it is said " if the cause of action arise in two counties, an action may be brought in either county; but if a nuisance be erected in one county to the damage of a man in another, the assize must be brought *in confinio comitatuum.*" If this course must be pursued, it would seem to follow that the action must be brought in the county where the damage was sustained, as we have not the remedy specified.❵

In the *Mersey and Irwell Navigation* v. *Douglas*, 2 East 497, the action was case for erecting a dam, and preventing the water from flowing down to the navigation of the plaintiffs. Lord *Ellenborough* said, " this action is in its nature confessedly local, but the question is whether the *gravamen* need be described with any local certainty; and I incline to think it need not, but that it is sufficient if it be laid at any place within the body of the county." In *Doulson* v. *Matthews*, 4 T. R. 503, the action was trespass for entering the plaintiff's house in Canada, and Lord *Kenyon* said, " where the action is on the realty, it is local," and by *Buller*, J., " we may try actions here which are in their nature transitory, though arising out of a transaction abroad, but not such as are in their nature local." In *White* v. *Sanborn*, 6 N. H. Rep. 224, it was said by *Richardson*, C. J., that " actions for damages done to real estate, as trespass *quare clausum fregit* and the like, are in their nature local." In *Warren* v. *Webb*, 7 Taunt. 379, the plaintiff declared that he was possessed of a dwelling-house in the county of Surrey, and that the defendant possessed a shop contiguous, and a wooden spout affixed thereon for carrying off the rain water from the roof, which spout it belonged to the defendant to keep in such repair that no injury should happen to the plaintiff's dwelling-house, and alleged that the defendant suffered the spout to be out of repair, to wit, at West-

minster, in the county of Middlesex aforesaid, whereby the rain soaked through the spout, and injured the plaintiff's wall, to wit, at Westminster, in the said county. It was held that the action upon the case for a nuisance was local in its nature, and the nuisance must be proved to have been committed in the county where the venue was laid.

In *Thompson* v. *Crocker*, 9 Pick. 59, the action was case for causing the water to flow back upon the plaintiff's mills, in the county of Plymouth, by means of a dam alleged, under a *videlicet*, to be in the same county. It was proved that the dam was in another county. But it was held that the variance was immaterial. *Parker*, C. J., said that the variance was not material, "for the injury done to the plaintiff's mill is the substance of the complaint, and the place where the injury was done, to wit, at the mills, gives the locality to the action, and not the source from which the mischief came. The evidence of a dam anywhere below the plaintiff's mills unlawfully, whereby the use of the mills was impaired, would give the right of action in the county where the mills stood, and it was wholly unnecessary to state in what county the obstruction was erected. This is the doctrine of the case cited from 2 East 497, (*Mersey and Irwell Navigation* v. *Douglas*,) as very clearly stated by *Le Blanc*, J." But in the subsequent case of *Barden* v. *Crocker*, 10 Pick. 383, it was said by the court, *Putnam*, J., that the remark of *Parker*, C. J., "that the place where the injury was done, gives the locality to the action, and not the source from which the mischief came," " seems to be too limited, the cases showing that the action could have been maintained in either county." In this case, the action was brought for depriving the plaintiff of his fishery in the county of Plymouth, by a dam erected in the county of Bristol. We are constrained to differ from the court in the criticism upon the case of *Thompson* v. *Crocker*. It appears to us that the court stated the law with correctness and precision, and that in an action on the case for an injury to the

plaintiff's land, it is the place where the injury was sustained that gives the locality to the action.   In *Williams* .v. *Land,* 4 Taunt. 729, it was held that in case, the plaintiff's cause of action arises so entirely for nuisance in the county where the injury is sustained, as to retain the venue there.

It is a general rule that case for an injury to land is a local action, and that the suit should be brought in the county where the cause of action arose.   The decisions, and they are but few, which hold that an action will lie in the county where the nuisance was done, or in that where the injury was sustained, depend upon *Bulwer's case,* 7 Co. 1, and that seems to be founded upon reasons which have long since ceased.   It does not appear to us that there is any reason for excepting such cases as the present out of the operation of the general rule, and it is very clear that the exception rejects the principle of the rule, and is not a mere modification of the application of it.   The erection of the dam, of itself, gave the plaintiff no cause of action.   It was not until his land was injured, that an action accrued, and this happened in the county of Carroll.   The general rule then applies, and it is there that the action should have been brought.

*Demurrer sustained.*