## SIMON STICKLES *vs.* SAMUEL ARNOLD.

An award of referees, under a rule of court, that each party pay his own costs, and that the defendant pay to the plaintiff the sum of ten dollars, as the defendant's share of the referees' fees, is a sufficient determination of the matter submitted.

MOTION by the defendant for the acceptance of an award of referees, to whom was referred, by rule of court, an action on the case for diverting and obstructing a watercourse in West Stockbridge.

The award was in these words : " We, the undersigned, referees in the above entitled action, having met the parties at the house of Samuel Arnold on the twenty-third day of September 1853, and having heard the parties and their several allegations and proofs, do award and determine, and this is our final award and determination, that the defendant shall pay to the plaintiff the sum of ten dollars, without costs, either before the referees or the court, that is, each party is to pay his own costs; the above sum of ten dollars being given to the plaintiff as the defendant's share of the referees' fees."

*J. E. Field,* for the plaintiff, objected to the acceptance of the award, on the ground that it did not appear thereon that the referees had passed upon all the matters submitted, but only that they had passed upon their own fees.

*H. W. Taft,* for the defendant, cited *Buckland* v. *Conway,* 16 Mass. 396; *Tallman* v. *Tallman,* 5 Cush. 325; *Shirley* v. *Shattuck,* 4 Cush. 470.

METCALF, J. The court cannot distinguish this case from that of *Buckland* v. *Conway,* 16 Mass. 396. In that case, the parties submitted to referees the question, whether a pauper, who dwelt and had his home in the town of Conway, acquired a settlement there, under *St.* 1793, *c.* 34, § 2, by having an estate there of the clear yearly income of three pounds, and taking the rents and profits thereof three years successively. The award was, that the defendants should recover against the plaintiffs the costs of the reference and the costs of court. And it was decided

that, by necessary implication, the award must be considered as a determination upon the question ; that the referees could not have awarded that the defendants should recover the costs of the action, without having decided the point in controversy in their favor ; at least, that the legal presumption was, that the referees so determined.   See also *Hartnell* v. *Hill,* Forrest, 73.

In the case before us, the question submitted to the referees was, whether the plaintiff was entitled to recover damages of the defendant for obstructing a watercourse.   The award was, that each party should pay his own costs, and that the defendants should pay to the plaintiff a part of the fees of the referees. Probably the plaintiff had paid the referees.   If not, they looked to him for their fees, and discharged the defendant from any claim therefor on him.   And the necessary implication from the award is, as it was in *Buckland* v. *Conway,* that the referees determined the question submitted to them in the defendant's favor.   The legal presumption is, that they could not have made this award, without having decided that the plaintiff had not maintained the action submitted to their determination.

The principle which we apply to this case is applied to verdicts.   In *Hodges* v. *Raymond,* 9 Mass. 316, a general verdict of not guilty was held sufficient in an action of trespass, where the defendant pleaded not guilty as to part of the charge, and a justification as to the residue, although the verdict did not, in terms, decide the issue on the second plea; the court saying that the jury could not have found the defendant not guilty, if he had failed in proving his justification.   A like decision was made in *Hawks* v. *Crofton,* 2 Bur. 698, where, on similar pleadings, a general verdict of guilty was held sufficient, because the jury could not have thus found, unless the defendant had failed to prove his justification.

*Judgment on the award.*