## LISBON v. HOLTON.

Where a suit is brought by an attorney of this court in regular standing, his authority will be presumed until the contrary is shown.

Where a committee, assuming to act under a vote of the town, directed a suit to be brought, and it was brought and served on January 27, 1871, and the town, at its annual meeting in March following, with a knowledge of what had been done, appointed an agent to carry on the lawsuit with one G. "and all other lawsuits now pending with said town," and with a knowledge that the action was to be entered on the third Tuesday of the same March, there was no dissent by the town or the selectmen to the suit, it was *held* that this was evidence of a ratification of the authority of the attorneys.

This was an action entered by the Messrs. Rand, as attorneys for the town of Lisbon against Jehiel W. Holton, at this term ; and the defendant appears by counsel specially to move to dismiss, on the ground that the suit has never been properly authorized by said town.

In the warrant for town-meeting in Lisbon, in March, 1870, article 6th was the usual article " to choose all other necessary town officers." And the same article with the same number was inserted in the warrant for town-meeting, in March, 1871. Neither of said warrants contained any other article under which any officer, the legality of whose election is here in controversy, could be legally elected. At the town-meeting in March, 1870, it was *voted* " that the committee (Wm. H. Cummings, James R. Young, and Quartus M. Webb) chosen to investigate the accounts of the treasurer and selectmen for 1867, 1868, and also the liquor agencies in this town for said years, be authorized and instructed to settle any claims that may be found due from J. W. Holton to the town on account of said agency, and, if said Holton refuses to make a fair settlement and compensation, to institute legal proceedings to recover the same, if said committee deem it best."

At the annual town-meeting, in March, 1871, it was *voted*,—" S. P. Simonds to be agent for the town to carry on the lawsuit between John F. Gale and the town, and all other lawsuits now pending with said town."

This suit was instituted by said committee, and the writ was dated and served January 27, 1871. The evidence tended to show that the selectmen of Lisbon had never had anything to do with said suit, had never directed or authorized its commencement, and had never recognized or adopted it by any affirmative act. The evidence also tended to show, that the pendency of the suit was generally known to the citizens of the town of Lisbon, at the annual meeting of March, 1871, and since ; and that the pendency of said suit has been known to the present selectmen of the town since March meeting, 1871 ; and neither the town nor the selectmen have taken any measures to interfere to have

the suit discontinued or in any way disposed of, though it appeared that one or more of the selectmen had been present in court a portion of the present term with the knowledge that said suit was entered on the docket, and made no move to have the same dismissed.

It does not appear that said Simonds, under the vote of 1871, has ever assumed or undertaken to interfere in any way with this suit.

The Messrs. Rand claim to represent the town of Lisbon, and claim that this is sufficient until the dissent of the town is shown by positive acts. The court, *pro forma*, denied the motion to dismiss; and defendant excepted.

*C. W. & E. D. Rand*, for the plaintiffs.

1. Assuming that the warrants did not authorize the vote of March, 1870, or March, 1871, could Lisbon successfully defend a suit brought by C. W. and E. D. Rand for services rendered at the last March term at Haverhill? *Christie* v. *Sawyer*, 44 N. H. 298 ; *Goodall* v. *Bedel*, 20 N. H. 205 ; *Goodwin* v. *Company*, 34 N. H. 379. If, under the circumstances of the case, the plaintiffs could not question the authority of their attorneys, *a fortiori*, the defendant cannot.

2. The doctrine of *Baker* v. *Shephard*, 24 N. H. 212; is, that under an article in a warrant "to choose all necessary town officers," "not only the usual town officers may be chosen, but any committees or agents whose services may be required." In that case it was decided that an agent for building a road might be chosen under such an article. The case seems to be decisive upon the point that the vote making S. P. Simonds agent for the town was authorized by the warrant. The vote was passed with the knowledge that this suit was then pending, and beyond question is a ratification of the act of the committee in instituting it. *Warren* v. *Wentworth*, 45 N. H. 564; *Backman* v. *Charlestown*, 42 N. H. 125 ; *Davis* v. *School District*, 44 N. H. 407 ; 12 N. H. 232 ; 10 N. H. 538.

3. A ratification will be presumed also from the conduct of the selectmen. *Wright* v. *Boynton*, 37 N. H. 9.

4. Previous to March, 1870, Cummings, Young, and Webb had been made a committee to investigate the accounts of the liquor agencies. *Baker* v. *Shephard* is an authority that they might have been so chosen by virtue of an article in the warrant to choose all necessary town officers ; and if so, they might have been authorized to bring suit by virtue of such an article.

5. But we hold it to be clear that the defendant cannot question the authority of the plaintiffs' attorneys, so long as there is no proof that they are irresponsible, and the plaintiffs themselves choose to be silent. *Jackson* v. *Stewart*, 6 Johns. *37, seems to be exactly in point. In that case the court say,—" The attempt of the defendant to question the authority of the attorney for the plaintiffs in bringing the suit was unavailing. It is the course of the K. B., said Ch. J. HOLT (1 Salk. 86), when an attorney takes upon himself to appear, to look no further, but

to proceed as if the attorney had sufficient authority, and to leave the party to his action against him." *Smyth* v. *Balch*, 40 N. H. 364, and authorities cited.

*Carpenter*, for the defendant.

The case shows that the suit was brought and is prosecuted without authority of the plaintiffs, and it must therefore be dismissed. *Davis* v. *School District*, 43 N. H. 381 ; same case, 44 N. H. 398 ; *Bank* v. *Fellows*, 28 N. H. 302 ; *Smyth* v. *Balch*, 40 N. H. 363. *Rollins* v. *Chester*, 46 N. H. 411, is decisive of the lack of authority to institute the suit.

The vote of March, 1871, if authorized under the warrant—*Baker* v. *Shephard*, 24 N. H. 208—is not competent evidence for the purpose of showing a ratification by the town of the suit. It cannot be construed as referring to suits brought in the name of the town, but without its consent or authority.

BELLOWS, C. J.    The suit was brought by attorneys of this court in regular standing, of unquestionable respectability, and perfectly able to respond in damages for any unauthorized act.    Under such circumstances it has been held that a party for whom such attorney appeared could not avoid a judgment rendered against him by showing that the attorney had no authority to appear, but that his only remedy was against the attorney himself. *Bunton* v. *Lyford*, 37 N. H. 512, and cases cited ; *Smyth* v. *Balch*, 40 N. H. 363.

This, however, is a motion to dismiss the action by the opposite party, on the ground that he ought not to be compelled to litigate a suit not authorized to be brought by the plaintiff who is alone interested.

And there are authorities to the point that a suit will be dismissed on the motion of the defendant, when it is made to appear that it is brought without authority. *Manchester Bank* v. *Fellows*, 28 N. H. 307 ; *Davis* v. *School District*, 43 N. H. 381.    In that case the objection was to the appearance for the school district as not authorized.

The same doctrine is recognized in *Bridgton* v. *Bennett*, 23 Maine 420.

In the two New Hampshire cases of *Manchester Bank* v. *Fellows* and *Davis* v. *School District* there was no decision disallowing the appearance of counsel, although it was assumed in both that it might properly be done if the want of authority were shown.

It may be suggested, however, that if, in a case like the one before us, a judgment for the defendant was rendered against the plaintiffs, it would bind them, and could not be avoided by showing that the attorneys had no authority to commence the suit.    That is clear, on the authority of *Bunton* v. *Lyford* and *Smyth* v. *Balch*, and cases cited ; but the remedy would be by suit against the attorney.    And the case of *Jackson* v. *Stewart*, 6 Johns. *34, is an authority against the doctrine that a suit will be dismissed on motion of the defendant, and proof that the attorney was not authorized to bring it.

Without, however, undertaking to settle this question, we are of the opinion that however it may be as to the original authority of the attorneys, there has been by the town a subsequent ratification. The committee, acting under color of an express authority derived from a vote of the town at the annual March meeting, employed these attorneys to bring the suit.

They brought it on January 27, 1871, and the writ was served on that day, and was entered in court on the third Tuesday of March, 1871. On the second Tuesday of the same March, at their annual meeting, the town, with a knowledge of the vote authorizing the committee to sue, and with a knowledge by the citizens generally that the suit was pending, appointed S. P. Simonds an agent to carry on the lawsuit with Gale and all other lawsuits pending with the town, and at the same time the selectmen had knowledge of the pendency of this suit.

On the evidence furnished by the case, we must find that the town knew of the vote authorizing the committee to bring this suit, and at the March meeting had notice that the suit was brought and was pending; and of this the selectmen also had knowledge. The appointment of an agent to carry on all suits with the town then pending necessarily included this suit; and as the town had knowledge of it, and that they had authorized or attempted to authorize the committee to bring the suit, it is fairly to be inferred that they intended to authorize their agent to carry on this suit.

This is an inference of fact which the court on this application may properly make. And this is strengthened by the circumstance that, with a knowledge that the suit had been brought and was about to be entered, no objection was interposed by the town or the selectmen, notwithstanding they must have been aware that the suit was about to be entered and expense incurred.

This, of itself, goes far towards a ratification of the act of the attorneys.

In principle, it is like witnessing, without objection, the rendering of a service by one man for another, of a character necessarily implying an expectation of compensation.

Here, the town were aware that these attorneys were rendering service of that character, and made no objection; and from this an assent may fairly be implied.

Taking into view all the circumstances reported, including the important fact that no dissent has ever been expressed, we think that the act of the attorneys in bringing this suit must be regarded as ratified by the town.

It is clear on the authorities that the act of an attorney of this court in regular standing, and able to respond in damages for his conduct in bringing a suit and entering it in court, will be presumed to have been duly authorized, at least until the contrary is shown; and we think the want of authority is not sufficiently shown in this case.

The exception must therefore

*Be overruled.*