## THE TOWN OF ALTON *vs.* THE TOWN OF GILMANTON.

An attorney has, *ex-officio,* authority to bind his client by an agreement in certain cases, and is liable to him for any abuse of such authority.

If such an agreement be made in court in term time as to an action then on the docket, it may be considered a part of the materials from which the record is to be drawn up, and may be enforced specifically by holding it to be conclusive evidence of the facts agreed to.

THIS was an action of assumpsit for relief furnished to a pauper.

At the trial here, September term, 1822, under the general issue, the plaintiffs offered in evidence, as proof of legal notice, the following writing:

"February term, 1822. *Town of Alton vs. Town of Gil-* "*manton.* The parties agree that this action shall stand " continued. The plaintiff agrees to abandon the first and " last article in the account, and the defendant agrees to " waive all objections to the notice and service of the notice " and form of the plaintiff's writ.

NEH. EASTMAN, for plaintiff.<br>STEPHEN MOODY, for defendant."

It was admitted, that this writing was executed in court, after the action was entered, by the attorneys of the parties; and, in pursuance of it, the action had once been continued.

The defendants objected to the admission of the writing as evidence of legal notice; and for the further consideration of its competency, the cause stood continued.

*Eastman* and *I. Bartlett,* counsel for the plaintiffs.

*Moody* and *Mason,* for the defendants.

WOODBURY J. The objections to the validity of this writing as evidence of notice, may be considered as two-fold.

1. That no attorney has *ex officio* sufficient power to bind his client to this extent.

2. If he has, that the writing is merely an executory contract, which the court cannot execute specifically.

An attorney being in court, instead of his client, or " in his place and turn," may make any disposition of the suit, and any admission of facts, which the party himself could make. 1 *Salk.* 86.—*Tidd* 34.

This results from the nature of his agency and the convenience of transacting business; and exposes parties to no

unreasonable risks, since they select their own attorneys, and if unfaithful, or in the language of the *Mirror of Justice* 35, "if attainted of ill defence," have a legal remedy against them for their misconduct.   7 *Mass. Rep.* 23.—1 *John. Rep.* 258.—5 *John.* 368.—*Tidd* 60.—8 *Mass. Rep.* 51.—3 *John. Rep.* 185.—2 *John Ca.* 221.—15 *Mass. Rep.* 316.

As specifications of his general power, it is daily practice for him to waive objections to evidence; make admissions in pleadings or by parol, and enter nonsuits or defaults.

It has been adjudged, also, that he may *ex officio* bring a writ of error;(1) sue out a *scire facias ;*(2) receive payments; (1 *Wm. Bl.* 8.—1 *N. H. Rep.* 365.—9 *Cranch* 226.—*Doug.* 623.—1 *Salk.* 88.—6 *Mod.* 82.—2 *Bos. & Pull.* 357, *note.*— 1 *Greenlf.* 257,) execute releases on such receipt, (7 *Mass. Rep.* 238.—8 *John. Rep.* 367.—6 *Do.* 53.—10 *Do.* 220.—8 *Coke* 58,) or confess judgment.—6 *John. Rep.* 296, *Denton vs. Noyes.*—*Tidd* 64.—2 *Kemb.* 199.—2 *Rolle Rep.* 62, *Gray vs. Gray.*

(1) **16 Mass.** Rep. 74.
(2) 15 Mass. Rep. 316.

More doubts exist concerning his power to release witnesses, (11 *John. Rep.* 464, *Murray vs. Haven,*) or refer suits. *Caldwell on arbitration* 31.—7 *Cranch* 436, 449, *Holker vs. Parker.*

But however this may be, we are satisfied it is competent for him to waive as in the present case, any objections to a notice.   3 *Cranch* 297, *Buddicum vs. Kirk.*

2. If this agreement had been made before the commencement of the action, or out of court, and not in part executed by a continuance, the only remedy for a breach of it would have been a separate action.(3)   3 *Mass. Rep.* 451.— 2 *John.* 473.—1 *Saund.* 48, *note.*

(3) Hanover vs. Weare, *ante.*

Or if offered in evidence merely as a confession in writing by the party of the fact of notice, it might like other confessions be explained or contradicted, by showing the truth respecting the notice.   6 *John. Rep.* 19.—7 *John. Rep.* 106. 10 *John. Rep.* 350.—10 *Mass. Rep.* 40, *Hallet et al. vs. Huse.* —2 *John. Rep.* 306, 481.—6 *Cranch* 238, 339.

But having been made, after the action was entered, by officers of the court, in term time; and partially carried into

effect, it becomes a portion of the files and memoranda (from which the record in the end may be drawn up) as much as the pleas and verdict.

Such agreements are often made a parcel of the record, and cannot afterwards be evaded or avoided. *Bac. Ab.* "*Error*," K. 6.—17 *John. Rep.* 468, *Yates vs. Russell.*—1 *Hen. Bl.* 21.

It would seem doubtful from some of the cases, whether such agreements have not been specifically enforced, though not a part of the record. 1 *Salk.* 87, *Latacch vs. Pasherante.*—1 *D. & E.* 338, *Wright vs. Nutt.*—3 *Cranch* 297, *Buddicum vs. Kirk.*—17 *John. Rep.* 468, *chancellor's opinion.*

But however that may be, we consider this agreement as a portion of the materials from which the record is to be made up, and will not suffer the counsel or their clients to depart from it, unless on evidence to us, that the agreement was made by mistake, fraud, or surprize.

As all the case is yet in paper, we could on such affidavit allow the agreement like a plea under similar circumstances to be withdrawn from the files ; but without such affidavits it must be held conclusive as to the validity of the notice.