## Amos Fernald *versus* Jonathan Ladd.

The performance of a contract made by an attorney in court, in relation to an action, may be enforced by attachment.

But, except in cases where the contract has been reduced to writing, and put on file, or entered by the clerk upon the docket, the court will not interfere in this mode, but leave the aggrieved party to his remedy by action.

This cause was tried here at September term, 1822, and a verdict returned in favor of the plaintiff, upon which judgment was rendered. Ladd, the defendant, sued out a writ of review, but before a trial could be had in 1826, died, by reason of which the writ of review abated.

At September term, 1827, Walker obtained a rule upon the plaintiff's attorney, to shew cause why he should not be ordered to repay to the defendant's administrator, the amount of the judgment which Fernald had recovered, according to his contract.

This rule was obtained upon evidence tending to prove, that at September term, 1824, the defendant being ready for trial, and the plaintiff, not ready, the cause was continued under an agreement, that if a trial should be prevented by the death of either party, the plaintiff's attorney should pay back the money collected on the judgment.

*Lyford*, for the plaintiff.

*By the court.* We entertain no doubt, that an attorney may be ordered to perform a contract made by him in court, in relation to an action, and that the performance of the order may be enforced by an attachment.

But we should not be disposed to adopt this method, to enforce the performance of a contract, except in very clear cases. The only instances in which we should be disposed to interfere in this way, would be those where the contract had been reduced to writing, and put on file, or where it had been entered upon the docket by the clerk.

But in cases where the terms of the contract are in dispute, where the contract was not at the time reduced to writing, but left to be collected from the recollection, or loose memoranda of those who made it, we are inclined to leave those who may think themselves aggrieved by the breach of such contracts, to their remedy by action. 3 B. & A. 47, *Burrell* v. *Jones* ; 1 B. & C. 160 *Iveson* v. *Conington* ; 2 Cowen 460, *Waring* v. *Baret* ; 2 ditto, 589 ; 3 Bing. 70, *Hullings* v. *Jones* ; 2 N. H. Rep. 520, *Alton* v. *Gilmanton* ; 5 Johns. 368.                    *Rule discharged.*