## J. Pike *versus* Joseph Emerson.

A party to a cause may, by agreement entered of record in the court of common pleas, waive his right to appeal from the decision of that court.
And such an agreement may be made by an attorney in the cause.

This action was commenced in the court of common pleas, and while the action was pending in that court, the following agreement was written and signed on the back of the writ :

"*Grafton, ss. C. C. Pleas, September Term*, 1829.

### J. Pike *v.* J. Emerson.

In this case, it is agreed, that the judgment of this court, in this cause shall be final and conclusive if against the plaintiff, he hereby waiving his right of appeal, &c.

(Signed)    *W. T. Hadduck*, for the plaintiff.
      *W. Smith*, for the defendant."

At February term of the common pleas, 1830, the cause was tried, and a verdict returned for the defendant, upon which judgment was rendered. And the plaintiff having brought the cause here by appeal, the defendant's counsel moved the court to dismiss the appeal, on the ground that the plaintiff had been precluded from appealing by the agreement.

*Olcott*, for the plaintiff.

*W. Smith*, for the defendant.

*By the court.* We have no doubt, that an attorney has authority, by an agreement put upon file, in a cause, to bind his client, and that such an agreement may, in many cases, be specially enforced. It is the constant practice of attornies, to release upon the record a party's right of review, and no one ever supposed that in such a case a writ of review could be sustained. So an agreement by an attorney to refer a cause is binding upon his client. 2 N. H. Rep. 520, *Alton* v. *Gilmanton*; 1 H. Bl. 21, *Camden* v. *Edie* ; 17 Johns. 461, *Yates* v. *Russell* ; 12 Mass. Rep. 47, *Haskell* v. *Whitney* ; 16 Mass. Rep. 396, *Buckland* v. *Con-*

*way* ; 7 Cranch, 136, *Holker* v. *Parker* ; 4 N. H. Rep. 370, *Fernald* v. *Ladd* ; 7 Cowen, 744 ; 6 Cowen, 387.

The court has the power, without doubt, in case of fraud or mistake, to relieve a party from the effects of such an agreement. But while an agreement like that made by these parties in the court below, remains unimpeached, we are of opinion that no appeal can be prosecuted here.

*Appeal dismissed.*