# BELKNAP,

## JULY TERM, A. D. 1843.

## Hanson *vs.* Hoitt, Admr.

In case of an appeal from the probate court, this court will not, on a motion to dismiss, which was not seasonably made, inquire into alleged non-compliances with statutory pre-requisites to an appeal. Such objections will be taken to have been waived by the delay.

And so as to the invalidity of an alleged express waiver, even when the allegation of such invalidity is founded on a provision of the Constitution.

Motions to dismiss a cause should, as a general rule, be made at the first term, or objections available in that form will be taken to have been waived.

Pleading the general issue is, of itself, a waiver.

A waiver of all informalities and irregularities, made by a counsellor who has the sole charge of a cause, is binding upon his client.

Appeal from the report of the commissioner of insolvency, on the estate of E. Hoitt, deceased.

The appeal is dated April 28, 1838. The register certifies that the appeal and declaration were filed in the probate office " on the 9th day of June, 1838, being within thirty days of the acceptance of the report of the commissioner."

The declaration filed with the appeal was in assumpsit, containing two counts, viz : as for goods sold and delivered, and for work and labor. A specification under these counts was filed at the August term, 1838. At the January term, 1842, the declaration was amended by filing another count upon an account annexed.

At the January term, 1840, the defendant pleaded the general issue, and filed notice that he should rely upon the statute of limitations. At the same term an auditor was appointed, who made a report.

At the February term, 1842, the defendant moved the court to quash and dismiss the appeal, for the following reasons, viz :—1. For that the said appeal was taken and claimed in writing on the 28th of April, 1838, and the declaration was not filed in the probate office till the 9th of June, 1838. 2. For that an appeal in this case was not claimed in writing, and a declaration on the plaintiff's claim filed in the probate office at any time within thirty days next after the acceptance of the report of the commissioner by the judge of probate.—3. For that notice of this appeal was never served upon or issued to the defendant, nor was he ever served with a copy of the declaration.—4. For that the plaintiff does not produce a certificate of the judge of probate, that notice of said appeal was issued to said defendant, administrator as aforesaid, as is required by the statute.

It appeared in evidence that Ira A. Eastman, Esq., was fully retained for the defendant, "in case an appeal should be taken," but before the action on the appeal was entered ;— that he was present at and consented to the entry of said action, and at that term had the sole charge of it, though Mr. Bartlett came in at the second term, and other counsel subsequently came in ;—that while he had the sole charge of the case, there was an agreement between the plaintiff's counsel and said Eastman, that no captious objections should be taken in the case on either side, but that it should be tried upon its merits.

Said Eastman testified that the action was entered on motion of the plaintiff's counsel, as he thought, in October, 1838, at an adjournment of the August term ; and that he probably should have filed the plea and set-off, according to the strict rules of court, had it not been for the understanding between said counsel and himself ; but that having had a conversation with the opposing counsel as to objections on account of some irregularities in the probate court, or informality in the appeal, he considered them all waived on the part of the defendant, and at the time of entry so stated to the court.

Mr. Eastman could not say *when* he informed the defendant of the entry, but testified that, at some time subsequent, he did inform him of the entry, and that he had waived the objections, thinking them neither just or legal ;—that he did not go into the details of the objections, and that the defendant expressed no dissatisfaction.

Mr. Eastman ceased to be register of probate July 1, 1839. At some previous time he made the order of notice on the appeal, and in January, 1839, furnished Hanson's counsel with copies in the case ; but he could not testify whether or not he ever made out any papers to be served on Hoitt, nor whether any ever were served on him.

*S. Emerson,* for the appellee. The papers show that the appeal was claimed April 28, 1838, and there is no legal evidence to the contrary. On the whole case it would seem that the declaration, being filed June 9th, was not within the thirty days required by our statute. *N. H. Laws* 362, § 5. The requisitions of the statute not having been complied with, this claim is barred ; § 7, *p.* 364.

Mr. Eastman could not as counsel waive any rights. He was employed, if at all, before the appeal, while he was register. By our Constitution this was prohibited. *N. H. Laws, p.* 20. At the time of his contract to waive, he was still register, while acting as counsel. His contract was therefore invalid. This court will not recognize a contract made in violation of our Constitution.

Eastman was not attorney of record in the case, and therefore the court will not enforce an agreement of his out of court. If he *had* power to act as an attorney in the matter, he had none to waive essential rights of his client, or to acknowledge service of a writ on him.

If he was employed to act as attorney for Hoitt when the action was properly commenced, he had no right to act until it *was* properly commenced ; and there is no evidence in the case that the required notice to Hoitt ever issued.

*Bell,* and *B. Emerson,* for the appellant. This motion to dismiss comes too late, even if there had been no waiver. The appeal was entered at the August term, 1838. There were various steps taken, and various counsel who appeared from term to term, but no motion to dismiss, nor plea in abatement was filed, for the very satisfactory reasons stated by Mr. Eastman, until February, 1842. If there ever was a case where objections could be said to be waived, this is *the* case. The objections are preliminary, and should have been taken before a continuance.

There is nothing in the case to show the proceedings in the probate court to have been irregular, but rather the contrary. The time of the decree is not stated. Probably the appeal dated in April was drawn up in anticipation of the decree.

The third and fourth objections are in substance that the party had no notice. But notice may always be waived.

The defendant did not require any service from Eastman while the case was in the probate court.

*Christie,* in reply. All the pre-requisites stated in the statute must be made to appear distinctly, in order to give jurisdiction. The want of them cannot be waived. At the trial by jury we have a right to insist on the proof of all of them.

If it appears on the papers that the appeal was not taken within the thirty days, the special limited jurisdiction given to the court above, cannot have attached. The decree must have been drawn up before the 28th of April, as the appeal from it bears that date.

On this motion the defendant ought to prove affirmatively that their appeal was claimed in writing within thirty days after the decree.

As to the proceedings in the probate court, *see* 3 *N. H. Rep.* 309 ; 4 *N. H. Rep.* 550.

PARKER, C. J.　This motion to dismiss comes too late to allow us to inquire into the various questions raised by the counsel in argument.　As a general rule, motions to dismiss should be made at the first term.　3 *Met. R.* 58, *Carpenter* vs. *Aldrich;* 1 *Met. R.* 510, 512, *Simonds* vs. *Parker.* And the omission to move at the proper time has been thought to be a waiver of even a constitutional defect.　2 *Pick. R.* 592, *Ripley* vs. *Warren.*

In the present case, a long period of time, supposed to extend from October, 1838, to February, 1842, including repeated terms of court, (and during which the party has employed various counsel,) has been allowed to pass without any intimation to this effect.　On the contrary, though at intervals various steps have been taken in the progress of the case, such as the amendment of the declaration and the appointment of an auditor, the defendant took no means to avail himself of the alleged defects, omissions and non-compliances. Indeed, two years before the present motion was made, the defendant had pleaded the general issue and given notice of a defence of a totally different character.　The plea of the general issue alone was of itself a waiver.　10 *Mass. R.* 176, *Gage* vs. *Gannett;* 2 *Pick. R.* 592, *Ripley* vs. *Warren;* 21 *Pick. R.* 535, *Carlisle* vs. *Weston;* 1 *Met. R.* 508, 510, *Simonds* vs. *Parker;* 9 *N. H. Rep.* 464, 467, *Smith* vs. *Whittier.*

In addition to all this, there was in the present case an express waiver.　On general principles, as well as upon the authority of 2 *N. H. Rep.* 520, *Alton* vs. *Gilmanton,* and 5 *N. H. Rep.* 393, *Pike* vs. *Emerson,* we have no hesitation in saying that Mr. Eastman, the counsel of the defendant, had in that capacity full power to waive, as he explicitly states he did, the matters which now form the ground of the motion to dismiss.

It is not necessary in order to bring us to a conclusion, but it is worthy of notice, that the defendant seems to have assented to and ratified the course of his former counsel.

*Motion denied.*