## SPAULDING'S APPEAL.

Under the judiciary act of 1855, all appeals from the court of common pleas, and from reports of commissioners on insolvent estates, should be entered at the trial terms of the supreme judicial court; and all appeals from courts of probate, and the writs, petitions and proceedings enumerated in secs. 10 and 11 of this act, should be entered at the law terms of the court.

In entering appeals from the probate court upon the docket of this court, it is the better practice to have the entry so made as to show who the parties are that are litigating ; and to have the appellants and appellees occupy upon the docket the position of plaintiffs and defendants, according to their true relation to the matter in controversy.

An appeal from a decree of a probate court may be taken by attorney.

MOTION to dismiss an appeal from the decree of the judge of probate. The appeal was entered at a trial term of this court, and the appellees moved the court that said petition and the appeal thereby claimed, be dismissed, for the following reasons :

1st. Because an appeal cannot be legally taken from the judge of probate to a trial term of the court.

2d. Because said petition was filed in the probate office on the 2d day of January, 1856, and is signed by Wm. Kimball as attorney for Wm. M. Spaulding ; and, at the same time, a petition was filed in said office, signed by said Kimball as attorney for Ephraim H. Spaulding, and another petition signed by said Kimball and his wife, Nancy I. Kimball, in all of which three petitions an appeal is claimed from the judge of probate, and for the same reasons and causes.

And it was ordered that the questions arising upon the motion be transferred to this law term for decision.

*Stevens* and *West*, and *D. Clark*, for the appellant.

*Emerson*, for the appellees.

EASTMAN, J. The questions presented by this case are mere matters of practice.

By the 8th section of the Judiciary Act of July 14th, 1855,

Pamph. Laws, chap. 1659, it is provided that the Supreme Judicial Court shall have exclusive jurisdiction of all appeals from the court of common pleas, from courts of probate, and commissioners on insolvent estates.

The 10th section provides that the same court shall have exclusive authority to issue writs of error, certiorari, mandamus, &c., and the general superintendence of all courts of inferior jurisdiction for the prevention and correction of errors and abuses, where the laws have not expressly provided a remedy. And the eleventh section provides that they shall have jurisdiction of all questions of divorce and alimony, all applications for appeals from courts of probate, for review or new trial founded on any statute, &c., and of all actions and questions whatever, of which the Superior Court of Judicature has, at any time heretofore, had jurisdiction, except as herein otherwise provided.

The 16th section of the act provides that two terms of the Supreme Judicial Court, to be denominated "trial" terms, shall be holden annually in each county, *for the trial of causes*, by a single justice thereof, except the trial of capital cases, at which two or more justices shall attend. At these terms grand and petit jurors are required to attend, &c.

From an examination of these sections, as well as from the general scope of the act, we think that, unless there is some special provision to the contrary, those matters which have heretofore been entered in the Superior Court should be entered at the law terms of this court, and that those of which the common pleas has heretofore had jurisdiction, but which this act makes it the duty of this court to try and determine, should be entered at the trial terms of this court. The trial terms are for the trial of causes when a jury attends. They are the criminal terms of the State and the *nisi prius* terms of the Supreme Court, and the law terms are for the settlement of law questions, that do not require the intervention of a jury.

All appeals, therefore, from the court of common pleas and from commissioners on insolvent estates, should be entered at the trial terms. They are ordinarily causes to be tried by a jury,

unless otherwise disposed of. And all appeals from courts of probate, and the writs, petitions and proceedings enumerated in sections ten and eleven of the act, should be entered at the law terms of the court. This appeal, then, was erroneously entered at the trial term, and the first ground for dismissing it was well taken.

Upon the second ground, however, the appeal appears to be well enough. It is not suggested that any one of the appellants had not the right of appeal; and any person aggrieved by any decree, order, grant or denial, of any judge of probate, which may conclude his interest, &c., may appeal therefrom to this court. Rev. Stat., chap. 170, sec. 1.

It is no sufficient objection that they all appealed for the same reasons and set forth the same causes. They may all be alike affected by the decision, and all stand upon the same ground ; but it is only the common case of an interest in the question which each one has, and where each has the right to pursue his own remedy. Two of them might drop their appeals if they saw fit, and unless the third had taken his he would lose his rights.

We see no objection, either, to these appeals having been taken by attorney. There is nothing in the statute or in our practice, that we are aware of, that prohibits such a course of procedure ; and if the attorney is authorized to act in the matter, (and there is no suggestion in this case that he was not,) no reason occurs to us why he may not well enough take the appeal.

In entering an appeal of this kind in this court, which is taken by several, the proper course is to make one entry ; all the appellants being placed in the position of plaintiffs upon the docket, and the administrator or executor, as the case may be, in the position of defendant. If either of the appellants should drop his appeal, the matter can proceed in the name of the others. There is but one decree made, and the appeals are for the same cause, and it is better that it should all stand as one case.

We think, also, that in entering appeals from the probate court generally, the entry should be so made as to show who the parties are that are litigating ; that the appellants and appellees

should occupy upon the docket the position of plaintiffs and defendants, according to their true relation to the matter in controversy, and that all their names should thus appear on the docket.

This appeal having been erroneously entered at the trial term, must be dismissed from that docket; but as no law term has intervened between the time of taking the appeal and the present term, the case may now be entered at this term. It is the term next succeeding the appeal, and is in time. Rev. Stat., chap. 170, sec. 1.