## BUNTON *v.* LYFORD & a.

Where a regular attorney of the court appears and answers for the defendant in a suit at law, a judgment recovered by the plaintiff will not be vacated nor execution enjoined by a court of equity, though the attorney appeared without authority from the defendant, unless it is shown that the attorney is not of sufficient ability to answer for the damages caused by his unauthorized appearance, or there has been collusion between him and the plaintiff in the suit at law.

BILL IN EQUITY, against Stephen C. Lyford and John T. Coffin. The following facts appeared from the bill, answers and evidence:

On the 17th of March, 1852, David A. Bunton, the complainant, William Bunton, Reuben B. Dunn and Joel McGregory, claimed to be owners of certain undivided shares in lots numbered 11, 12, 13, 14 and 15, in the 13th range of lots in Carroll, Coös county, and on that day Stephen C. Lyford, the defendant, filed his petition in the Superior Court for Coös county, alleging that he was seized of one eighth part in the same lots in common with persons unknown, and praying for partition. Public notice of the petition was given, according to the order of the court. At the July term, 1852, issues were sent to be tried in the Court of Common Pleas, and at the November term, in the Court of Common Pleas, a regular attorney and counsellor of both those courts appeared and entered the names of Reuben B. Dunn, Joel McGregory, William Bunton and David A. Bunton, as defendants, and joined the issues as of the preceding term in the Superior Court, and in their names defended the suit until final judgment. The attorney entered the names of these parties as defendants to the petition for partition by direction of Dunn, without any communication with the other defendants, and the other defendants gave Dunn no authority for that purpose. Such proceedings were had on Lyford's petition that he

recovered judgment for partition, and at the December term, 1856, the Supreme Court rendered judgment, establishing the partition, and awarding costs against this complainant and the other defendants in that suit, in the sum of $345.68, on which execution issued January 5, 1857. The defendant, Lyford, demanded payment of the execution from the complainant, who, to avoid a levy on his goods, gave Lyford a note for the amount, payable to Lyford, or order, in four months, with interest.

On the 30th of April, 1853, the complainant conveyed to Dunn his interest in the land, and after that had no interest or claim in it; and in fact had no notice of the petition until he was called on to pay the judgment for costs.

The attorney who appeared for the complainant was of high character and undoubted ability to answer for any damage that was caused by his unauthorized appearance, and there was no suspicion of any collusion between him and the defendant, Lyford.

Coffin showed by his answer that the note was transferred to him for a full consideration, without notice, in the usual course of business, and was discharged, by consent.

The bill prayed for an injunction against execution of the judgment for costs, and against the negotiation and collection of the note given for the costs.

*S. N. Bell,* for the complainants.

*Lyford,* for the defendants.

PERLEY, C. J. The complainant does not seek to set aside the judgment for partition. In that he has had no interest since his conveyance to Dunn, on the 30th of April, 1853, more than three years before the judgment was rendered. He prays for an injunction against execution of the judgment for costs, and against the negotiation and collection of the note which he gave for the costs. There is no suggestion of any fraud or misconduct in

the defendant Lyford, nor of any collusion between him and the attorney who appeared for the complainant in the petition for partition; nor that the gentleman who appeared for him was not a regular attorney of the court; or that he was not and is not of sufficient ability to answer for any damage that the complainant may have suffered from an unauthorized appearance in his name.

In our practice no written warrant is necessary to authorize an appearance by a regular attorney of the court, and till the contrary appears it will be presumed that such an attorney has due authority for his appearance. *Bank* v. *Tilton*, 28 N. H. (8 Foster) 302. Such being the practice, the plaintiff has a right to rely on the presumption that an appearance for the defendant, by an attorney of the court, is made with sufficient authority; and unless there were something in the circumstances of the case to raise a suspicion that the appearance was unauthorized, it would justly be regarded as a troublesome and captious course to call for proof of the attorney's authority. In this case the attorney was in regular practice; the persons whose names he entered as defendants were in fact owners or claimants of undivided shares in the land, and the plaintiff had no reason, that we can perceive, to suspect that the attorney appeared without authority.

In such case, the attorney being in regular practice and perfectly responsible, the judgment must stand, and the redress of the defendant, if he has suffered from an unauthorized appearance in his name, must be sought in some proceeding against the attorney. *Jose* v. *Mills*, 6 Mod. 14; *Stephens* v. *Squire*, 5 Mod. 205; Salkeld, anon., 86, 88; *Jackson* v. *Stewart*, 6 Johns. 34; *Denton* v. *Noyes*, 6 Johns. 300; *Reed* v. *Pratt*, 2 Hill 66; *Smith* v. *Bowditch*, 7 Pick. 138; *Cyphert* v. *McLane*, 22 Penn. 195; *Kent* v. *Ricards*, 2 Md. Ch. Dec. 392.

The grounds and reasons of this rule are fully explained in *Denton* v. *Noyes*.

*Bill dismissed, with costs.*