Smyth *v.* Balch.

*The bill must be dismissed.*

SMYTH *v.* BALCH.

When an attorney brings a suit without any authority from the plaintiffs, and the defendant obtains a judgment for costs, a court of equity will restrain the enforcing of such judgment by a perpetual injunction, if it be shown that the attorney is poor and unable to respond.

The law of June, 1858, making parties competent witnesses, applies to actions pending at its passage.

THE facts of this case appear in the opinion of the court, delivered by

BELLOWS, J. This is a bill in equity, brought by Frederick Smyth and T. W. Little against Daniel S. Balch, for relief by way of injunction, against a judgment by this defendant against the plaintiffs, for costs, rendered in a suit in favor of Smyth and Little against Robert F. Shepard, the principal, and the said Balch as trustee.

The ground upon which relief is sought is that the original suit was brought and prosecuted by J. Porter, Jr.,

an attorney-at-law, without the knowledge or assent of said Smyth and Little, and without any authority from them, and that said Porter was poor and unable to respond to the plaintiffs.

The answer of the defendant denied the want of authority, and proofs were taken, and, among others, the depositions of both of the plaintiffs; and one question was, whether the law rendering parties competent witnesses applied to actions pending at the passage of the law; and the opinion of the majority of the court, for the reasons assigned in *Rich* v. *Flanders*, 39 N. H. 304, is, that the parties were competent witnesses in this case.

Upon a careful examination of the proofs, we are of the opinion that the weight of the evidence is in favor of the allegation in the bill, that the suit was brought and prosecuted without authority, and without the knowledge or assent of the plaintiffs, and that the said Porter is poor and unable to respond.

The want of authority and ability being established, we are of opinion that the plaintiffs are entitled to relief upon the authorities of numerous cases, and among them *Robson* v. *Eaton*, 1 T. R. 62; *Dunton* v. *Noyes*, 6 Johns. 300; *People* v. *Bradt*, 6 Johns. 318; Anon., 1 Salk. 88; *Bunton* v. *Lyford*, 37 N. H. 512. A perpetual injunction should, therefore, issue to restrain the defendant from enforcing the judgment by levy of execution, or in any other way.

*D. & D. J. Clark*, for the plaintiffs.

*Morrison & Stanley*, for the defendants.