PAGE, ADM'R, *v.* BREWSTERS, EX'RS.

An agreed case, expressed to be "for the purposes of this suit," is an admission of the facts therein stated, not only for the purpose of determining the questions of law raised by the case, but for any and all subsequent proceedings to the close of the suit, and may be given in evidence to the jury unless the intention of the parties otherwise appears from the case.

An application to discharge a case agreed, or to relieve a party from its operation, is addressed to the discretion of the court, and will be exercised only when it is made clear that it is necessary to prevent injustice. Much less will the court exercise its power to afford such relief to the party asking it who has been guilty of laches, when it appears that it will do injustice to the opposite party, he having been guilty of no laches, but has relied in good faith upon using such agreed case as an admission by the other side of the facts therein stated.

C. W. B., being indebted to his sister H. B. in the sum of $1,500, gave her a writing, by the terms of which he promised to pay her " during her lifetime $90 per year semi-annually, being the interest at six per cent.

of $1,500,—the principal to be paid to her personally when she may re-quire it, but to no other person. This obligation will bind my heirs in case of my decease, and release them from any obligation beyond her lifetime."

C. W. B., having paid to H. B. $45 every half year during his life, died August 4, 1868. Subsequently his executors continued to make half-yearly payments of $45 each to her, until and including July 1, 1869. On August 9, 1869, in response to her written demand for the payment of the principal sum of $1,500, they paid her $393.50, and on January 1, 1870, they paid her $33.20, being the interest then due upon the remainder of the principal sum. May 12, 1870, after making a further demand on that day for the balance due upon said writing, H. B. died. The executor of H. B. brought an action against the executors of C. W. B. to recover said balance. Upon the trial the defendants offered to prove (1) that H. B. in her lifetime admitted that the writing was given for money which C. W. B. invested for her, and which was lost;—held, that the evidence was immaterial; (2) that H. B. admitted in her lifetime that she was not to call for any part of the principal sum, unless it was nec-essary for her support;—held, that the evidence was inadmissible, because it contradicted the written agreement; (3) that within 48 hours preced-ing the death of C. W. B., she agreed that if L. W. B. would agree to pay her $90 per year so long as she lived, she would surrender said writing, and that said L. W. B. did so agree;—held inadmissible, because it sets up a nude agreement inter alios, and because it was never executed on either part; (4) that the executor of C. W. B. paid her $393.50, August 9, 1869, part of said sum of $1,500, in consideration of which she agreed that she would not call for any more of said principal sum;—held inadmissible, because it sets up a verbal release without considera-tion; (5) that H. B., immediately after said payment of $393.50, asked the forgiveness of Mrs. C. W. B., one of the executors of C. W. B., for making said demand, and promised that she would not call for any fur-ther sum upon said writing than the interest;—held inadmissible, because it sets up a verbal release without consideration; (6) that H. B. was not of sufficient capacity to make the demand of May 12, 1870; that the same was not hers, but was made by one G. G. B. when she was dying;—held immaterial; that the first demand was sufficient to fix the liability of the defendants.

ASSUMPSIT, by Calvin Page, administrator de bonis non of the estate of Harriet Brewster against Lewis W. Brewster and Mary G. Brewster, executors of Charles W. Brewster, founded upon a note or written ob-ligation made and signed by Charles W. Brewster, which is recited 52 N. H. 53. Since the suit was commenced, Calvin Page has been ap-

pointed administrator *de bonis non* of the estate of Harriet Brewster, deceased.

Questions of law were raised by an "agreed case" at the October term of this court, 1871, which is reported 52 N. H. 52. The plaintiff offered said agreed case (which was signed by the counsel for the respective parties) in evidence. The case is printed on pages 53 and 54, 52 N. H., but the original case may be used in argument. The court admitted the "agreed case" in evidence, and ruled that it was to be received as an admission by the parties of the truth of the facts therein recited. To this the defendants excepted.

·The defendants then moved for a continuance, in order to enable them to obtain an injunction against using the agreed case as evidence on the trial of this cause, upon the ground of surprise,—the alleged surprise being, that (as the defendants claimed) at the October term, 1872, the presiding judge ruled out the agreed case as incompetent evidence, and that the presiding judge, at the following April term, ruled in the same way; and the plaintiff having submitted·to both rulings, the defendants were justified in acting upon the belief that said agreed case (which they contended was made and intended only to settle points of law) would not be again offered in evidence, and if offered, that it would be ruled out. The plaintiff denied the above alleged facts.

The court overruled the motion. The defendants then offered to prove (1) that Harriet Brewster, in her lifetime, admitted that the writing was given for money which Charles W. Brewster invested for her, and which was lost; (2) that said Harriet admitted in her lifetime that she was not to call for any part of the principal sum, unless it was necessary for her support; (3) that within forty-eight hours preceding the death of Charles W. Brewster, the said Harriet agreed that if Lewis W. Brewster would agree to pay her $90 per year so long as she lived, she would surrender said writing, and that said Lewis did so agree; (4) that when Lewis W. Brewster, executor of Charles W. Brewster, paid the said Harriet the sum of money endorsed on said writing in August, 1869, the said Harriet, in consideration of said payment, agreed that she would not call for any ·more of the principal sum of said writing; (5) that Harriet Brewster, immediately after said payment, asked the forgiveness of Mrs. Charles W. Brewster, one of the executors of Charles, for making said first demand, and said she would never call for any further sum upon said writing than the interest, and that she made similar statements to other parties; (6) that said Harriet was not of sufficient capacity to make said last-named demand, and that the same was not hers, but was made by George G. Brewster when she was dying.

The court rejected the evidence suggested by the first five preceding propositions as being incompetent, and that of the latter proposition as being immaterial, and the defendants excepted.

The defendants having no further evidence to offer, a verdict was directed for the plaintiff, which the defendants moved to set aside for error in the rulings aforesaid.

*Hatch*, for the plaintiff.

*Hackett* and *Frink*, for the defendants.

Isaac W. Smith, J.   I. The agreement in question was entered into for the purposes of the *suit*, and not merely for the *case* that was transferred.   An agreement entered into for the purposes of the *suit*, must mean not only for determining the questions of law raised by the case, but for any and all subsequent proceedings to the close of the suit. There was no provision inserted that the facts should be considered as agreed to only for the purposes of that case, or that they should not be used as evidence before the jury, as is usual where such is the intention of the parties.   It is to be presumed that only such facts were agreed to as were necessary to determine the questions then raised, and that if the defendants should elect a trial by jury such other competent testimony as either party might wish to introduce would be offered for the consideration of the jury.   It will hardly be pretended that the facts stated were untrue, or that a fictitious case has been presented to the court.   The court certainly would not encourage such a practice. *Austin* v. *Wilson*, 7 Mass. 205.

That counsel can enter into agreements which will be held to be conclusive evidence of the facts agreed to is well settled.   *Alton* v. *Gilmanton*, 2 N. H. 520 ; *Burbank* v. *Insurance Co.*, 24 N. H. 552 ; *Goodrich* v. *Eastern R. R.*, 38 N. H. 390 ; 1 Gr. Ev., secs. 27, 186. Such admissions are those made in a *case stated* for the opinion of the court.   *Ib.*, sec. 205.

But " an agreed case will be discharged if it is made to appear that through fraud, accident, mistake, or misapprehension the case embraces matters which did not exist, or does not contain facts which did exist at the time of the agreement and transfer, and which were material to a proper determination of the rights of the parties."   *Wells* v. *Iron Company*, 48 N. H. 526 ; *Gregory* v. *Pierce*, 4 Met. 480.   But the power to set aside an agreed case " will be exercised with great care and caution, and be applied only upon strong ground that the case is not what the parties intended to make it, and that the result has been brought about by fraud, accident, or mistake."   *Heywood* v. *Wingate*, 14 N. H. 76.   Such an application is addressed to the discretion of the court, and requires an extraordinary exercise of their powers, which can be allowable and proper only when it is made clear that it is necessary to prevent injustice.   But it is very unusual to set aside a case for the purpose of enabling a party to remedy upon a new trial any mistake he discovers he has made in relation to the law applicable to his case, especially where it is not suggested that the case fails to state truly the occurrences upon the trial so far as they are material to the points designed to be raised.   *Richardson* v. *Huggins*, 23 N. H. 119.

The affidavit which accompanies the defendants' brief is offered, we suppose, for the purpose of showing that there was some " accident, mistake, or misapprehension " on the part of their counsel at the time

the agreement was signed, and that they should therefore be relieved from its effect.

If all the evidence and statements in the briefs on both sides are properly before us, we are compelled to hold that there is no such preponderance of testimony as will entitle the defendants to relief against the use of the agreed case in evidence. It is *not pretended that the* agreement was obtained by fraud or misrepresentation. It was entered into on behalf of the defendants by counsel of large experience and ability. The proposition for an agreed case seems to have come from him. The case, as drawn by the plaintiff's counsel, was submitted for his consideration. He had full opportunity to examine it, and amended it in some particulars. We fail to discover anything that was said or done whereby any fault can be attributed to the plaintiff.

But, assuming that the defendants' counsel misapprehended the force of the agreed case, and that there was such accident or mistake attending its execution as would call for relief from the court, before exercising that power we feel bound to inquire how the plaintiff would in that case be left; because, if the plaintiff is without fault, he should not be made to suffer for the mistake or negligence of the defendants. It is claimed by the plaintiff that the witnesses, by whom important facts contained in the agreement could have been proved, have died since the agreement was made, and that the only hope of the defence is that these facts cannot now be proved at a trial; and this is not denied by the defendants.

The plaintiff claims that at the October term, 1871, he was pressing the case for trial; that the defendants offered to agree upon the facts; that the plaintiff objected to any agreement, and preferred a trial because he apprehended he might lose his witnesses by death or otherwise, and spoke of taking their depositions; that his counsel assured him the agreement would supersede the necessity of a trial, as the facts once agreed upon would be established forever; that he thereupon assented, and the defendants' counsel were notified that the plaintiff would consent to waive a trial upon no other terms; that the plaintiff's counsel would not have signed the agreement if he had supposed it to be revocable, and that the facts stated in the case could have been proved at the time. Assuming the facts to be as claimed by the plaintiff, it is manifest that the defendants can be relieved from this agreed case only at the expense of the plaintiff; and inasmuch as there was no fraud, mistake, or negligence on his part, but, on the contrary, as the defendants are guilty of whatever laches or negligence do appear, we are compelled to deny their motion to discharge the case.

II. The motion for a continuance was one addressed purely to the discretion of the judge who tried the cause, and cannot be revised.

III. The facts which the defendants offered to prove were properly rejected.

1. The first is immaterial. The case finds that Charles W. Brewster was indebted to Harriet Brewster, and the writing contains his promise to pay her the money when she may require it. If this agreement

had never been given, and in investing this money Charles W. Brewster had followed her instructions, or his acts had been ratified by her, she could not have recovered the money of him. His giving her the writing or agreement cannot be explained upon any other theory than that he was liable to her for the money. But having given it and bound himself to pay, he is bound to pay according to its terms, and it is of no consequence if the indebtedness arose as claimed.

2. The offer to prove that said Harriet admitted that she was not to call for any part of the principal sum unless it was necessary for her support, was properly rejected. Such evidence would contradict the written agreement declared upon, and was not therefore admissible. The agreed case admits that she did call for the money. The question whether it was necessary for her support was decided by her, and the defendants had paid out nearly $400 for her support.

3. The offer to prove an agreement with Lewis W. Brewster that she would surrender the writing upon certain terms was properly rejected, for the double reason that said Lewis W. never complied with the terms so as to be entitled to a surrender of the writing; and if such agreement was ever made, it was an agreement made not with one acting for and in behalf of Charles W. Brewster, but independent of him. It is a nude agreement *inter alios*.

4. The offer to show that said Harriet agreed that in consideration of the payment of $393.50 of the principal in August, 1869, she would not call for any more of the principal sum, sets up a verbal release without consideration. "Nothing is better settled than that a promise without some kind of a consideration to receive a less sum in payment of a greater, is of no effect." *Fisher* v. *Willard*, 20 N. H. 424; *Clark* v. *Dinsmore*, 5 N. H. 139.

5. The next offer stands upon the same ground, and cannot be maintained.

6. The offer to show that she was not of sufficient capacity to make the last demand was immaterial. The previous demand had fixed the liability of the defendants, and no subsequent demand was necessary. 52 N. H. 52.

The exceptions must be overruled, and there must be

*Judgment on the verdict.*