BROOKS *v.* NEW DURHAM.

*Attorney's authority to refer pending cause.*

</div>

{ Aug. 12, 1875.

An attorney of record, in an action which had been sent to a referee by order of court, signed an agreement in writing that the report of the referee should be final, and the agreement was entitled as of the term of the circuit court to which the report was to be made. *Held,* that his client was bound by such agreement.

CASE, to recover for injuries occasioned, as alleged, by obstructions in a highway in said town. At the September term, 1874, of said court, this action was by order of court referred to a referee, under the statute of 1874. He gave notice to the parties of a hearing, and they appeared before him,—the plaintiff by himself and counsel, and the defendants by their selectmen and counsel. While the hearing was in progress, and before the referee had made his report, the parties entered into an agreement as follows :

STRAFFORD, SS.                CIRCUIT COURT, FEBRUARY TERM, 1875.

<div align="center">

*Charles Brooks* v. *The Town of New Durham.*

</div>

It is hereby agreed, that the report of Judge Worcester, referee in said case, shall be final, and that judgment shall be rendered thereon at said term by said court.

<div align="center">

CHARLES BROOKS, plaintiff.

FRANK HOBBS, att'y for defendants.

</div>

The referee made his report, finding for the plaintiff, which was duly returned to court, and the plaintiff thereupon moved for judgment on the report, and the defendants elected a trial by jury. The court ordered judgment on the report, and the defendants excepted. If competent and material to show the circumstances under which said agreement was signed, the court find the following facts in relation thereto : When the parties came together to try the case before the referee, the

chairman of the board of selectmen of the town informed Mr. Hobbs, counsel for the town, that it was agreed that the report of the referee should be final. Mr. Hobbs informed the plaintiff and the chairman of the board of selectmen that he did not think the selectmen had the power to make such an agreement; but the chairman of the board of selectmen said the town would agree to it, and thereupon Mr. Hobbs, by his direction and in good faith on his part, signed the agreement. The town had never authorized the selectmen to make any agreement to refer, whereby the report of the referee was to be final.

It was ordered, by STANLEY, J., that the questions of law arising on the foregoing case be transferred to the superior court for determination.

*Copeland* and *Tibbetts,* for the plaintiff.

*Hobbs* and *Eastman,* for the defendants.

LADD, J. If the facts found by the court, as to what occurred at the time the agreement was signed, were to be considered in determining the construction or validity of the writing, I should infer that Mr. Hobbs, as attorney of the town, must have acceded to the view of the chairman of the board of selectmen, that the disposition of the cause agreed to by the selectmen was such as the town would approve, before he signed the paper in the way he did. However that may be, he did, in fact, sign it as attorney for the town, and not as the agent of the selectmen, as the defendants' counsel have contended in argument. The question, therefore, seems to be, in effect, whether an attorney, by an agreement in writing, which purports to be made in court and in such form as to constitute part of the record of a pending suit, may bind his client to a reference of such suit.

Upon an examination of our own cases, where the power and authority of an attorney in the management and disposition of his client's case are considered, I am of opinion that an agreement to refer comes within the scope of that authority. *Alton* v. *Gilmanton,* 2 N. H. 520; *Hanson* v. *Hoitt,* 14 N. H. 56; *Spaulding's Appeal,* 33 N. H. 479; *Pike* v. *Emerson,* 5 N. H. 393. In the latter case, the court say,— " So, an agreement by an attorney to refer a cause is binding upon his client." The remark was not necessary to the decision of that case; but, that such seems to be the general understanding as to causes pending in court, see 2 Gr. Ev., sec. 141, 1 Pars. on Con. 117, and cases referred to in notes. My conclusion is, that there should be judgment on the report.

CUSHING, C. J. I think there can be no doubt that an attorney has authority to bind his client by an agreement to refer an action. *Pike* v. *Emerson,* 5 N. H. 393. It was, therefore, of no consequence whether the selectmen had authority to refer the action or not. It is enough that the attorney was satisfied, by the representations of the chairman

of the board of selectmen, that the town would acquiesce, and thereupon signed the agreement as attorney. It is of no consequence that the selectmen directed it, because, as the attorney of the town, he should not have undertaken to act as the attorney of the selectmen. I think, therefore, it must be held that in signing that agreement he assumed the responsibility, and that the town is bound thereby. The evidence, therefore, if admitted, would be of no consequence.

SMITH, J. The agreement which the defendants seek to evade purports to have been entered into in court at the February term, 1875, and thus has become a part of the record in this suit, or, as expressed in *Alton* v. *Gilmanton*, 2 N. H. 520, "a portion of the materials from which the record is to be made up." In that case, WOODBURY, J., said,—"We will not suffer counsel, nor their clients, to depart from it, unless on evidence to us that the agreement was made by mistake, fraud, or surprise." As nothing of that kind is pretended here, no reason appears why this agreement should not be enforced. That counsel for the town had authority to make it, by virtue of his general retainer, does not admit of doubt. An attorney may waive objections to notice service, and to the form of the writ—*Alton* v. *Gilmanton, supra;* he may waive the right of appeal—*Pike* v. *Emerson*, 5 N. H. 393; he may enter into agreements which will be held conclusive evidence of the facts agreed to—*Alton* v. *Gilmanton, supra, Burbank* v. *Insurance Co.*, 24 N. H. 552, *Goodrich* v. *Eastern Railroad*, 38 N. H. 390, *Page* v. *Brewsters*, 54 N. H. 184, 1 Gr. Ev., secs. 27, 186; he may take an appeal from the probate court,—*Spaulding's Appeal*, 33 N. H. 479,—and may waive statutory prerequisites to an appeal—*Hanson* v. *Hoitt*, 14 N. H. 56; and, generally, he may make any admissions of fact or disposition of the suit which his client could make—1 Salk. 86, Tidd 34; and his agreement to refer a cause is binding upon his client—*Pike* v. *Emerson, supra.* For any misconduct, his client has a legal remedy against him—*Bunton* v. *Lyford*, 37 N. H. 512, *Smyth* v. *Balch*, 40 N. H. 363.

*Exceptions overruled.*