WOODBURY *v.* SWAN AND WEBSTER.

When the defendant in a foreclosure suit, after a partial hearing, obtains a continuance on condition that he shall account for mesne profits if the plaintiff prevails, the plaintiff finally prevailing may recover the mesne profits from the term when the continuance was granted, upon the prayer for general relief.

The proposition, that a party entitled to recover mesne profits can only recover the profits actually received by the tenant after deducting the proper expenses, is not, as an absolute rule, correct.

BILL IN EQUITY (reported in 58 N. H. 380, and in 59 N. H. 22). Swan has had possession of the mortgaged premises since June 6, 1876. At the January term, 1879, after a partial hearing, the defendants obtained a continuance, and the following order was entered upon the docket: " If the plaintiff prevails, the defendants to be held accountable for mesne profits." After the decision was rendered that Swan could not set up his tax title against the plaintiff (59 N. H. 22), the case was sent to a referee to determine the amount of the plaintiff's claim, and to take an account of the mesne profits. He reported that the fair and reasonable value of the premises was $150 per annum. The defendant Swan claimed that if liable at all it was only from the entry of the order at the January term, 1879, and only for such profits as he had actually received, or failed to receive by his own fault, after deducting all proper expenses; and that there could be no decree for rents, because no such relief was prayed for in the bill. The court ordered a decree for the plaintiff for the possession of the mortgaged premises, and an additional decree, that, unless the defendants redeemed, execution should issue against Swan for mesne profits, at the rate of $150 per annum, from the time he entered into possession. To the latter decree Swan excepted.

*C. U. Bell* and *W. S. Knox* (of Massachusetts), for the defendants.

*G. C. Bartlett* and *A. R. Hatch*, for the plaintiff.

SMITH, J. . It does not expressly appear from the case that the docket entry in regard to mesne profits was made in consequence of Swan's application for a continuance; but such is the inference, and any doubt that might otherwise exist is removed by the admission of his counsel, made during the argument, that the order was suggested by himself. The motion involved delay, and loss of rents to the plaintiff during the delay, if he should prevail in the end; for Swan's mortgage being subject to the plaintiff's, he stood no better with the plaintiff than a mortgageor stands with the mortgagee. *Brown* v. *Cram*, 1 N. H. 171; *Cavis* v. *McClary*, 5 N. H. 529, 530; *Pope* v. *Biggs*, 9 B. & C. 245. This consideration was undoubtedly urged upon the court when the question of a continuance was being considered. In accepting a continuance granted upon his own motion, he took it with the conditions imposed. Hence, the order was equivalent to an agreement made by the parties in open court, which the court has power to enforce. Until good cause is shown why he should be relieved from it, he

will not be heard to deny it. *Alton* v. *Gilmanton*, 2 N. H. 520; *Wells* v. *Iron Co.*, 47 N. H. 235; *Page* v. *Brewsters*, 54 N. H. 184; *Brooks* v. *New Durham*, 55 N. H. 559. No cause for relief has been shown, and we see no reason why he should not be held to his agreement to pay the profits which have accrued during the delay, and which the plaintiff might otherwise have received. This being a suit to foreclose a mortgage, and being an equitable proceeding, the plaintiff will not be driven to his action at law to recover the mesne profits, but under the prayer for further relief he may have a decree for the same in this suit. The same result in effect is reached, if the entry on the docket is regarded as terms of continuance.

Swan's claim, that he is liable only for mesne profits actually received after deducting proper expenses, is not, as an absolute or universal rule, correct. Mayne Dam. 392 (Wood's ed., s. 584). It omits the consideration of material circumstances, the most important, perhaps, being the proper management of the premises. The rule proposed by him would relieve him from the consequences of bad husbandry, and perhaps from the consequences of mismanagement, not wholly unpremeditated.

*Case discharged.*

CLARK, J., did not sit: the others concurred.