## ALBEE, JR., v. WINTERINK ET AL.

1. **Minor**: JUDGMENT FOR COSTS AGAINST. A minor is bound by a judgment for costs rendered against him in an action brought by him, by his next friend, and his property can be taken to satisfy such judgment.

*Appeal from Floyd Circuit Court.*

MONDAY, DECEMBER 13.

ACTION in chancery. A demurrer to the petition was sustained. Plaintiff appeals. The facts of the case are stated in the opinion.

*Geo. F. Boulton*, for appellant.

*Starr & Harrison*, for appellees.

BECK, J.—I. The petition shows that plaintiff is a minor, and that the action is prosecuted by his mother as his next friend. It also alleges that defendant Miner, sheriff of the county, has levied execution upon certain lands owned by the minor; that the execution was issued upon a judgment in a case brought by the minor by his next friend, Orrin Albee, Sr., against defendant, Winterink, wherein judgment was rendered against the plaintiff for the costs, and that plaintiff, being a minor, is not liable upon the judgment, a copy of which is made a part of the petition and shows a judgment against plaintiff for costs in the ordinary form. The petition asks that defendants be enjoined from selling the land upon the execution.

A demurrer to the petition was sustained on the ground that the facts stated do not entitle plaintiff to the relief demanded.

II. The question presented for our decision, which is decisive of the case, is this: Is the minor liable upon the judgments for costs? The losing party is liable for costs. Code, § 2933.

Is the minor, or the next friend, the plaintiff in this case? The minor was the real party in interest in the suit, and it was prosecuted in his name. The next friend was not the plaintiff. Therefore, the judgment being against the plaintiff binds the minor, and his property can be taken to satisfy the judgment. This conclusion is supported by the following cases: *Smith v. Floyd,* 1 Pick., 275; *Brown v. Hull,* 16 Vt., 673.

*Vance v. Fall,* 48 Iowa, 364, is not in conflict with our conclusion in this case. It simply holds that the next friend may be held liable for costs, and judgment, therefore, may be rendered against him. It does not hold that the minor is not liable. In that case the judgment was rendered against the next friend: in this it is against the minor, for, as we have seen, the minor, and not the next friend, is the plaintiff.

The judgment of the Circuit Court is

AFFIRMED.