Hillsborough, }
  Dec., 1894. }

BELIVEAU *v.* AMOSKEAG MANUFACTURING CO.

| 68 | 225 |
| 74 | 260 |

A party is bound by all acts of his attorney of record which the latter has implied authority to do by virtue of his retainer, as against one ignorant of his discharge.

In the absence of any limitation of his authority known to the opposite party, an attorney of record may bind his client to a final disposition of an action by oral or written agreement entered on the record, made an order of court, and executed by his adversary in good faith.

An infant suitor will be bound by the acts of an attorney employed by his next friend, as an adult would be.

MOTION, by the plaintiff, to strike off the docket entry "judgment for the plaintiff by agreement and judgment satisfied," made in accordance with a written agreement entered into by the attorneys of the parties, entitled as of the term, and filed with the clerk while the court was in session, as follows : " It is ' agreed that judgment in this case be entered for the plaintiff in

.the sum of one thousand dollars and costs, and judgment satisfied in full."

The action is case for injuries to the plaintiff's person, and was commenced by her attorney, C., in February, 1891. In August, 1891, the plaintiff discharged C., and engaged other counsel, who did not, however, appear or enter their names on the docket. C. continued to act for the plaintiff, and remained her only attorney of record. September 25, 1891, the defendants, by their attorney, in good faith, without knowledge or, so far as appears, reason to suppose that C. was not the plaintiff's attorney, entered into the foregoing agreement and paid the stipulated sum to C., who appropriated the same to his own use and absconded.

*Joseph W. Fellows* and *Charles F. Stone*, for the plaintiff.

*David Cross* and *William L. Foster*, for the defendants.

CARPENTER, J. The rights of the defendants are not affected by the plaintiff's undisclosed discharge of C. So long as she permitted him to remain her attorney of record, she was bound, as against parties ignorant without fault on their part of his discharge, by any act that by virtue of his retainer he was authorized to do. *Lewis* v. *Sumner*, 13 Met. 269.

It is the constant practice of the court to enter defaults, judgments, assessments of damages, judgments for the defendant, judgment satisfied, and to make various other orders finally disposing of actions, upon the agreement of the counsel for the parties expressed orally in open court. These orders have the same effect as if made upon the personal consent of the parties. In the absence of fraud or mistake, they are conclusive. The authority of attorneys to make such agreements is in practice never questioned. It is essential to the orderly and convenient dispatch of business, and necessary for the protection of the rights of the parties. Exigencies are frequent where the want of power on the part of the attorney to dispose of the action finally by agreement made in and under the sanction of the court, would be disastrous to his client. The interests of the public and of the parties to actions alike require that executed agreements of the character in question be not disturbed except, as in other cases, for fraud or mistake. It is not now necessary to consider the question of the extent of an attorney's authority to bind his client by agreement *in pais*, in collateral matters, or in what cases his executory agreements will be enforced. *Daniels* v. *New London*, 58 Conn. 156; *Alton* v. *Gilmanton*, 2 N. H. 520; *Fernald* v. *Ladd*, 4 N. H. 370; *Pike* v. *Emerson*, 5 N. H. 393; *White* v. *Hildreth*, 13 N. H. 104; *Hanson* v. *Hoitt*, 14 N. H.

56; *Bryant's Case*, 24 N. H. 149; *Bunton* v. *Lyford*, 37 N. H. 512; *Smyth* v. *Balch*, 40 N. H. 363; *Lisbon* v. *Holton*, 51 N. H. 209; *Brooks* v. *New Durham*, 55 N. H. 559; *Everett* v. *Bank*, 58 N. H. 340.

For the disposition of the present motion, it is enough to say that in the absence of any limitation of his authority known, or that by reasonable inquiry might be known, by the opposite party, an attorney may by oral or written agreement entered on the record, made an order of court, and executed by the adversary in good faith, bind his client to a final disposition of the action. That the agreement and order of court thereon effect a compromise of the client's cause of action is an immaterial circumstance. *Swinfen* v. *Swinfen*, 18 C. B. 485 (1 C. B. N. S. 364; 2 DeG. & J. 381); *Swinfen* v. *Chelmsford*, 5 H. & N. 890; *Fray* v. *Voules*, 1 E. & E. 839; *Prestwich* v. *Poley*, 18 C. B. N. S. 806; *Strauss* v. *Francis*, L. R. 1 Q. B. 379; *Matthews* v. *Munster*, 20 Q. B. Div. 141; *Holker* v. *Parker*, 7 Cranch 436.

*Motion denied.*

SMITH and CHASE, JJ., did not sit: the others concurred.

The plaintiff moved for a rehearing, and specially called the attention of the court to the authorities holding that an infant cannot employ an attorney or an agent, or make a valid agreement to compromise his suit; and that the next friend of an infant is not his agent or attorney, but an officer of the court.

*Joseph W. Fellows, Charles F. Stone,* and *Streeter & Walker,* for the plaintiff.

*David Cross* and *William L. Foster,* for the defendants.

BLODGETT, J. In arriving at the conclusion that the motion must be denied, the authorities have not been overlooked which hold that an infant cannot employ an attorney or an agent, or make a valid agreement to compromise his suit (*Biddell* v. *Dowse,* 6 B. & C. 255; *Armitage* v. *Widoe,* 36 Mich. 124; 2 Laws. Rights, Rem. & Prac., s. 824; *Tapley* v. *McGee,* 6 Ind. 56; *Wainwright* v. *Wilkinson,* 62 Md. 146), or those which hold that the "next friend" of an infant is not his agent or attorney, but an officer of the court, who derives his authority, not from the infant, but from the court. *Guild* v. *Cranston,* 8 Cush. 506; *Tripp* v. *Gifford,* 155 Mass. 108; *Morgan* v. *Thorne,* 7 M. & W. 400.

However this may be, it must be conceded that rights and remedies are as much the inherent birthright of an infant as of

an adult; and if this be so, it necessarily follows from his disability to enforce such rights and remedies, that the infant must have the right to enforce them through the assistance of another. By what name such other person may be called is immaterial. He may be styled, or may be in fact, the guardian, the parent, or the next friend; but, in the very nature of things, he is, and must be held to be, the representative of the infant, and to have the power to bind him by his proper and lawful acts. Among such acts, is that of bringing suit for any cause of action which has accrued in the infant's favor; and, for this purpose, the representative may, in the exercise of an undoubted authority, employ an attorney at law in the management and control of the suit (*Davis* v. *Merrill,* 47 N. H. 208, 210, 211), which "although attended by a next friend is the suit of the infant." *Bartlett* v. *Batts,* 14 Ga. 539.

In such a case, the attorney becomes clothed with the ordinary powers pertaining to an attorney of record. *Baltimore & O. R. R. Co.* v. *Fitzpatrick,* 36 Md. 619, 628. His authority is as extensive as it is in other cases, and the infant, through his representative, is bound by the attorney's acts within the ordinary scope of his authority the same as an adult would be, and has a like remedy against the attorney for any abuse of such authority, express or implied.

The bringing of a suit in the infant's behalf being rightful, it follows, as a legal consequence, that if judgment is properly rendered against him, he will be concluded by it (*Guild* v. *Cranston,* 8 Cush. 506, 509; *Tripp* v. *Gifford, supra*); for there is no distinction between an infant and an adult with regard to the binding effect of a judgment. *Smith* v. *McDonald,* 42 Cal. 484; *Ralston* v. *Lahee,* 8 Ia. 17, 23; *Waring* v. *Reynolds,* 3 B. Mon. 59; *Wills* v. *Spraggins,* 3 Grat. 555, 567; *Porter* v. *Robinson,* 3 A. K. Marsh. 254; *Albee* v. *Winterink,* 55 Ia. 184; 13 Am. Dec. 159, note; 74 Am. Dec. 298, note; 1 Freem. Judg. (4th ed.), *s.* 151; 2 *Ib., s.* 513. "He will not be permitted to dispute it, unless upon the same grounds as an adult might have disputed it, such as fraud, collusion, or error" (2 Freem. Judg., *s.* 513); and no recognizable distinction is believed to exist between the case of an entry of judgment in regular course by an attorney of a party *sui juris* and the case of a like entry by an attorney properly employed by the representative of an infant to conduct the suit.

The authority of attorneys of record to make such entries is always presumed, if nothing appears to the contrary, and when made they are conclusive as between the parties, in the absence of fraud or mistake; and we apprehend it makes no difference, practical or legal, whether the agreement of the counsel to make them is expressed orally in open court and the entries are thereupon made upon the records by its order, or whether the agree-

ment is reduced to writing by the counsel, and duly filed and entered upon the records, without being expressly brought to the court's attention and without obtaining its sanction, which in practice is never refused, and, at most, is but the merest formality. In such a case, the assent of the court is to be presumed.

In our opinion, the law in cases like the present one is correctly stated in *Tripp* v. *Gifford, supra*, which recognizes the fact of an extensive practice with regard to the adjustment and settlement of such cases, and in which it is said (*p.* 109): " Sometimes, but very rarely, the proposed arrangement is brought to the attention of the court, and its sanction obtained. In most instances, however, the settlement is made and the judgment entered without calling the attention of the presiding justice to it, or obtaining his approval. That such judgments conclude the minor we have no doubt; . . . and even in equity, if a decree is entered against him by consent without special inquiry, he will be bound by the decree."

*Motion for rehearing denied.*

SMITH and CHASE, JJ., did not sit; DOE, C. J., dissented : the others concurred.