James E. Dooley *vs.* D. H. Slavit.

APRIL 28, 1933.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Per Curiam. This case is here on defendant's exception to the decision of a justice of the Superior Court denying his motion to remove a default. The case was originally brought in the district court by plaintiff, the indorsee of a trade acceptance of which defendant was the drawee. After an adverse decision in the district court, defendant took an appeal to the Superior Court. Being dissatisfied with the trial of his case by his attorney, defendant made an agreement with him whereby the attorney was to attend to the assignment of the case in the Superior Court and inform the defendant of the day set for trial in time to allow defendant to prepare and try the case for himself.

The case was assigned for trial several times by the attorney of record but was not reached and had to be passed. The last assignment of which defendant was informed was June 13, 1932. Defendant was in court throughout that day but the case was not reached. On July 11, 1932, by agreement of the attorneys for both parties, the case was assigned for trial to December 5, 1932. On that day the defendant was called and defaulted. At the hearing on the motion for removal of the default the attorney who had acted for defendant in making the assignments testified that it was because of his oversight and

negligence that defendant had not been informed of this last assignment; that he had an understanding with plaintiff's attorney and also with defendant that defendant was to try his own case. The motion to remove the default was made by defendant December 17, 1932.

In the papers of the case are two documents which purport to be withdrawals of appearance by two attorneys who were counsel of record for the defendant. Each document bears the date of December 11, 1931, and contains the following statement: "I hereby withdraw my appearance for defendant as of December 11, 1931." The file marks of the Superior Court show that these papers were filed in the clerk's office December 22, 1932. These withdrawals of appearance were not sanctioned by the court and just how they came to be received in the form in which they were offered does not appear. They are ineffective to change the status of the attorneys of record when the decision complained of was made as they were then still the attorneys of record for the defendant.

On the affidavits of defense made by the defendant in the district and superior courts, plaintiff's motions for summary judgment were denied. The affidavit of defendant in support of his motion for the removal of default shows that he claims he has a valid defense which, if sustained, will entitle him to judgment in his favor.

From the brief transcript in the case it seems probable that the trial justice did not fully understand the facts as they appear in the record. The point is that defendant has been denied a trial because of the failure of his counsel of record to notify him of the assignment of the case when it was known that defendant was to try his case himself. In the circumstances we think defendant is entitled to his day in court. The exception to the refusal to remove the default is sustained.

We do not mean to criticise the attorney for the plaintiff. We think the attorneys for the defendant are subject to criticism. Whatever their understanding was with their

client, so long as they continued as his attorneys of record in the case it was their duty to the court as well as to their client to perform the customary duties of such attorneys. This they failed to do in the case at bar.

The exception of defendant is sustained, the default is ordered removed and the decision vacated.

*Dooley, Jackvony, Curran & Dunn, John L. Curran,* for plaintiff.

Defendant, *pro se ipso.*