323 P.2d 953

Maurice SCHATT, Appellant,

v.

The O. S. STAPLEY COMPANY, a

corporation, Appellee.

No. 6457.

Supreme Court of Arizona.

April 2, 1958.

Stephen W. Connors, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, Charles L. Strouss, Jr., Phoenix, for appellee.

WINDES, Justice.

In 1952 the O. S. Stapley Company, a corporation, sued Merchandising Corporation of America, a corporation, Maurice Schatt and others upon a claimed indebtedness. It is alleged that defendant Schatt in writing guaranteed payment of the debt. Schatt who will hereinafter be designated by name or as the defendant, appeared and answered by his attorney L. L. Zussman. From the record it appears without dispute that in August, 1955, notice to take Schatt's deposition was served upon Zussman who advised attorneys for the plaintiff he no longer represented this defendant and that the defendant should be personally served. Schatt failed to appear for the taking of his deposition. Thereafter plaintiff moved to strike Schatt's answer and for judgment against him by default. This motion was likewise regularly served upon Zussman who again advised the counsel for plaintiff that he no longer represented this defendant. After hearing at which there was no appearance by the defendant judgment was rendered against Schatt. Thereafter garnishment was served on the Valley National Bank which answered it had funds belonging to the judgment debtor. During all the proceedings heretofore mentioned Zussman appeared on the record as attorney for the defendant. After the garnishment Stephen W. Connors was substituted as attorney for the defendant upon the motion of Zussman. Substituted counsel filed motions to

set aside the judgment and to quash the garnishment supported by affidavit of defendant that he had no notice of any kind that the deposition was to be taken or that judgment was sought for his failure to appear for the deposition, and the affidavit of Zussman that his client had discharged him and that he so advised counsel for plaintiff as heretofore related. From a denial of the motions defendant appeals.

■ The question presented is whether there was legal service upon the defendant of the notice of taking the deposition and the application for default judgment based upon his failure to appear for the deposition. Rule 5(c), Rules of Civil Procedure, 16 A.R.S. provides that when one is represented by an attorney, service shall be made upon the attorney unless the court orders that service be made upon the party himself. Our view is that the defendant was not legally served. Service was not made upon defendant's attorney. That relationship had been terminated and plaintiff's counsel knew of such termination. Plaintiff's counsel knew they were not serving the attorney for the defendant. With such knowledge they chose to proceed upon the theory that so long as an attorney has not formally withdrawn of record, the relationship could not be terminated under any conditions so as to affect the plaintiff.

■ Reliance is placed upon Rule 80 (e), Rules of Civil Procedure which provides that when counsel has entered an appearance for a party, the court will hold him responsible for the conduct of the action until formal withdrawal approved by the court is entered on the minutes. The purpose of this rule is not to bind the client for what his former attorney does after the relationship of attorney and client has ceased and the party affected by such termination has notice thereof. Generally, parties are entitled to deal with counsel of record for opposing parties when they have no knowledge that the relationship of such attorney of record has been terminated. An undisclosed discharge will not affect their rights, Beliveau v. Amoskeag Mfg. Co., 68 N.H. 225, 40 A. 734, 44 L.R.A. 167, 73 Am.St.Rep. 577, but this rule cannot be invoked when counsel dealing with a discharged attorney who still appears of record has knowledge that such record does not in fact speak the truth and is not prejudiced by such fact. Counsel for the defendant should have secured the permission of the court and formally withdrawn but we cannot penalize the client for the attorney's failure under all the circumstances herein. Cf. Dooley v. Slavit, 53 R.I. 264, 165 A. 771. When plaintiff's attorney was advised that defendant was in fact without representation, the proper procedure would have been to inform the court and secure authority to serve the defendant personally under the provisions of Rule 5(c), supra.

The judgment is reversed with instructions to set aside the judgment and quash the writ of garnishment.

UDALL, C. J., and PHELPS, STRUCK-MEYER and JOHNSON, JJ., concur.